COMPTON et al. v. FRANKS. (No. 6160.)

(Court of Civil Appeals of Texas. Austin. April 14, 1920. Rehearing Denied June 9, 1920.)

1. **Tenancy in common** ⟨key⟩53—Co-owners held not bound by misrepresentations of another owner.

Where a father and children were entitled to undivided interests in land, and, sale having been negotiated, the father without authority from his children undertook to point out the premises sold, his representations are not binding on the children, and the deed which clearly described the premises, but did not include a portion of the lands pointed out, will not be reformed as to them.

2. **Appeal and error** ⟨key⟩1033(5) — Where charges were unduly favorable to defendant, held that he could not complain of conflicts therein.

Where the main charge was unduly favorable to defendant, and the special charge contained no affirmative error, defendant's assignment complaining of conflict between the two will be overruled.

3. **Reformation of instruments** ⟨key⟩43—Defendant seeking reformation of deed has burden of proof.

Defendant, who by cross-action seeks reformation of a deed, has the burden of proof.

4. **Covenants** ⟨key⟩100(5)—Covenant of warranty not breached because land pointed out was not included in the deed.

While, if one sells land which he does not own, the purchaser may obtain relief in equity for damages which he has suffered, yet, if the seller makes a deed which by its terms does not include some of the land pointed out, the purchaser cannot recover upon the warranty; for it is only where there is failure of title to part of the land which the deed purports to convey that the covenant of warranty is broken.

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Action by John Y. Franks against H. S. Compton and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Mears & Watkins, of Gatesville, for appellants.

McClellan & McClellen, of Gatesville, for appellee.

JENKINS, J. D. R. Franks, as the survivor of the community estate of himself and deceased wife, and her children were the owners each of an undivided one-half interest in about 200 acres in the Clayton survey, and also the land lying east and adjoining said survey. Franks and his children executed to L. E. Todd a warranty deed conveying 200 acres of the Clayton survey, describing the east boundary line of the land so conveyed as the east boundary line of said survey. Todd took possession of a strip of land lying east of the Clayton survey, which he subsequently sold to one Farmer, and Farmer sold the same to appellant Compton. Appellee, John Y. Franks, was one of the children of D. R. Franks and wife, and he, after the death of his father, purchased the interest of the other children in the land lying east of the Clayton survey. He brought this suit to recover the strip of land east of the Clayton survey, of which Todd had taken possession, describing the same by metes and bounds.

Appellant Compton, in addition to general denial and plea of not guilty, alleged that

the land in controversy was sold to him by appellant Farmer, and that the same was sold to Farmer by appellant Todd, and that the same was sold to Todd by Franks and his children. He alleged that Franks pointed out the land in controversy as being within the boundaries of the Clayton survey, and as the land sold to Todd.

Appellee denied these allegations, but alleged the truth to be that D. R. Franks informed Todd at the time said land was sold to him that he did not know exactly where the east line of the Clayton survey was, that he would either have the same surveyed, and sell it to him at $75 an acre, or that he might take the tract, supposed to contain 200 acres, at $15,000, and that Todd accepted the proposition last above stated. Appellee also pleaded the four-year statute of limitation.

The children of D. R. Franks other than appellant were made parties on their warranties, and judgment was sought against all of said children on their warranty deed to Todd.

Appellant Compton prayed that the deed from Franks and his children be reformed so as to include the land in controversy; the same being alleged to be the land actually pointed out and sold to Todd by Franks, Sr.

The court sustained exception as to the parties who were sought to be made liable upon their warranty. The issue as to limitation was not submitted to the jury.

In its main charge the court, after clearly defining the issues as made by the pleadings, instructed the jury, in substance, that if the land sold by D. R. Franks to L. E. Todd was correctly described in the deed, they would return a verdict for the plaintiff, but that, on the other hand, if they found that D. R. Franks pointed out the lines of the land that he was selling to Todd, and that such lines included the land in controversy, they would find for appellants.

[1] The court, at the request of appellee, gave the jury a special charge, in which it informed them that, where a party selling land goes upon the ground and points out the lines of the same, and thereafter a deed is executed to such land, which, by mistake, does not include the land so pointed out, such deed may be reformed, if such mistake was mutual to all parties.

Appellants assign error upon the action of the court in giving this special charge, and under said assignment submit the following proposition, to wit:

"A father and ten children, where the father owns an undivided one-half of the land conveyed, and the children own the other undivided one-half, and the father goes upon the land with the purchaser, points out the land, sells same, and puts the purchaser in possession of the land, and the consideration is paid by the purchaser, and each of the grantors to the deed accepts the consideration paid in proportion to their respective interests, the same is binding upon each grantor; and if there was a mutual mistake between Dave Franks, Sr., and L. E. Todd as to the description of the land in the deed, the said deed could be reformed without all of the grantors at the time actually knowing of the mistake in the deed."

We do not think this is a sound proposition. If an owner of an undivided interest in land points out supposed lines of the land intended to be sold, and a deed is thereafter executed which does not include the land so pointed out, he might be responsible in equity to the extent of his interest in the land not included in the deed; but, if there are other grantors owning an individed interest who did not authorize the grantor who pointed out the land to do so, and did not know of his having done so, the fact that they thereafter signed a deed to land which they owned, and which land was properly described in the deed, would not authorize the deed to be reformed as to them. They having made no representation other than contained in their deed, they would not be bound by representations made by a co-owner without their authority.

The second proposition under the first assignment of error is that the court erred in charging on the weight of the evidence, in that it assumes that the line pleaded by plaintiff is the correct line. This charge is not subject to such criticism.

The third proposition is that the main charge and the special charge given are contradictory.

[2] The main charge states a proposition of law which was more favorable to appellants than the law would have authorized. The special charge does not contain any affirmative error, for which reason we do not sustain appellants' third proposition.

[3] The second assignment of error complains of the charge of the court, in that it places the burden of proof upon the defendant on his cross-action, wherein he seeks to have the deed reformed. In this there was no error. Railway v. Shirley, 45 Tex. 377; Moore v. Giesecke, 76 Tex. 543, 13 S. W. 290.

[4] The third assignment complains of the action of the court in sustaining appellee's exceptions to appellants' allegations, wherein they seek to make the children of D. R. Franks liable upon their warranty. In this there was no error. It is true that, if one sells to another land which he does not own, the purchaser may obtain relief in equity for damages which he has suffered by reason of such land being sold to him, but, if the seller makes a deed which by its terms does not include some of the land pointed out, a purchaser cannot recover upon the warranty. It is only where there is a failure of title to the land, or a part thereof, which the deed purports to convey, that the covenant of warranty is broken. Stark v. Homuth, 45 S. W. 763, and authorities there cited.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.