CRUMP et al. v. WILSON et al. (No. 2861.)\*

(Court of Civil Appeals of Texas. Texarkana. Feb. 21, 1924. Rehearing Denied March 13, 1924.)

1. Covenants ⊜⇒100(1)—Mistake in applying field notes in deed to ground held not to warrant recovery for breach of warranty.

Where lands described in the field notes of a deed were located in a certain survey and because of a mistake in applying the field notes to the ground the grantee went into possession of a tract in another survey he could not on being dispossessed by the owner, claim reimbursement from his grantor on his covenant of warranty; there being nothing to show that the grantee could not take possession of all the land which his deed described.

On Motion for Rehearing.

2. Pleading ⊜⇒147—Relief refused in cross-action concerning matter wholly foreign to principal litigation.

In trespass to try title where defendants made their grantors parties defendant alleging that deeds to them contained general warranty of title, there was no error in trial court's denial of relief in a cross-action by a remote grantor against his grantee with respect to subject-matter wholly foreign to the principal litigation.

Appeal from District Court, Red River County; Ben H. Denton, Judge.

Trespass to try title by Mrs. Estelle O'Neill and others against T. D. Wilson and one Norris. Judgment for plaintiffs, and from judgment for defendants named, against C. C. Crump and brothers joined as warrantors of Wilson and Norris, and for the Crumps against J. L. Van Dyke joined as warrantor of the Crumps, the Crumps and Van Dyke appeal. Affirmed as to judgment for plaintiffs; reversed and rendered in other respects.

Dodd & Chambers and Geo. Morrison, all of Clarksville, and Johnson & Waters, of Boston, for appellants.

Lennox & Lennox and B. F. Edwards, all of Clarksville, and J. Q. Mahaffey, of Texarkana, for appellees.

HODGES, J. This controversy originated in a suit of trespass to try title by Mrs. Estelle O'Neill and others against Wilson & Norris to recover 272½ acres of land situated in the Sulphur Forks Iron' Works Survey No. 1 in Red River county. For convenience that survey will hereinafter be referred to as S. F. I. W. C. C. Crump and his brothers, the grantors of Wilson & Norris, were made parties defendant. Some time later J. L. Van Dyke was also made a party defendant, at the instance of the Crumps.

It appears from the pleadings that Wilson & Norris had purchased from the Crumps, and the latter had previously purchased the same land from Van Dyke. Each of these conveyances contained a general warranty of title, and each group of grantees filed appropriate pleadings asking judgment against their respective grantors.

The land sued for by the plaintiffs was described as lying entirely within the S. F. I. W. survey. The land described in the deeds from the Crumps to Wilson & Norris and from Van Dyke to the Crumps appears to lie wholly within the James Righley survey. The Righley survey adjoins the S. F. I. W. on the west, and is an older survey. However, there is now no dispute about the location of the true boundary line between the two surveys.

In a trial before the court the plaintiffs secured a judgment against Wilson & Norris for the land described in their petition. Judgment was also rendered in favor of Wilson & Norris against the Crumps upon their warranty, and in favor of the Crumps against Van Dyke upon his warranty. Only the Crumps and Van Dyke have appealed, it being conceded that the plaintiffs were clearly entitled to the land which they recovered upon proof that it was in the S. F. I. W. survey.

The appellants contend that they were not liable upon their respective warranties, because the land recovered by the plaintiffs is no part of the land which they conveyed. The court found as a fact, however, that their conveyances did describe the 272½ acres of land recovered by the plaintiffs. Appellants assail that finding of fact as contrary to the undisputed evidence.

As a basis for recovery against the Crumps upon their warranty, Wilson & Norris thus describe in their pleadings the land conveyed to them:

"Beginning at a point in the north boundary line of the said Righley survey 329 varas west from the original northeast corner of said Righley survey; thence west with the original north boundary line 2,073 varas a stake in said line, the same being the northeast corner of 100-acre tract of said Righley owned by Robert Thornton, a post oak and a red oak marked X for bearing trees; thence south with said Thornton's E. B. line 1,280 varas to his southeast corner in the south boundary line of the original Righley survey, a stake from which a P. O. bears south 71 east 6⅔ varas, a P. O. south 35 east 5⅘ varas, both marked 'X': thence east 509 varas to the inner southwest corner of said Righley survey a P. O. north 15 west 1 vara; a P. O. south 20 east 1 vara, both marked 'X'; thence south 804 varas to a stake in one of the W. B. lines of the original survey. Said stake is standing 146 varas north of the original south boundary line. Thence east 1,564 varas a stake for corner. Thence north 2,084 varas to the place of beginning, containing 708 acres, save and except a tract of 100 acres heretofore conveyed to Lynn Bearden, leaving 608 acres hereby conveyed, the

same being out of conflict with any other land and is the same land conveyed by E. S. Chambers, Sr., et al., to C. C. Crump on the 22d day of July, 1907."

Counsel for Wilson & Norris concede that if the above field notes when applied to the ground include only the land situated in the Righley survey, Wilson & Norris are not entitled to a judgment against the Crumps upon their warranty. It also follows that if the Crumps are not liable upon their warranty Van Dyke is not liable upon his. The evidence shows that at the time Wilson & Norris purchased the land they were given an abstract of title, in which was contained the following plot showing the location of the Righley survey and those adjoining it, as well as three subdivisions of land previously sold out of the Righley survey:

Righley were well marked for a considerable distance, and that their point of intersection forming the northeast corner could be easily traced. The call for course is west, away from the land recovered by the plaintiffs in this suit.

It would be difficult, with those field notes and those marks, for a surveyor to find any warrant for going east of the east boundary line on the Righley survey.

The controversy seems to have arisen because of a mistake by the county surveyor in locating upon the ground the Righley survey. Wilson, who conducted the transaction with C. C. Crumps for the purchase of the land testified that when he asked Crump where the land was located Crump told him that he did not know; to get Deaver, the county surveyor, who had recently surveyed

Note:  This survey conflicts with the Rowland T. Bryarly and with survey No 1 of the Sulphur Forks Iron Works and also slightly with survey No. 2 of said iron works.

[1] The question then is: Would a surveyor, with the field notes in the deed from the Crumps and the map attached to the abstract of title furnished to Wilson & Norris, locate upon the ground any part of the land east of the true boundary of the Righley survey? We think not. The description of the land purchased by Wilson & Norris begins, "329 varas west of the northeast corner of the Righley." While the evidence does not show that the northeast corner of the Righley was well marked on the ground, it does show that its southeast corner was marked. It also shows that the north boundary line and the east boundary line of the

the land, to point it out. Wilson stated that some time later he did apply to Deaver, who located the land on what he thought was the Righley survey. But the lines pointed out by Deaver covered the land now conceded to be in the S. F. I. W. survey. It appears inferentially that the surveyor was misled by the location of Thornton's east boundary line as it appeared upon the ground. If Thornton's northeast corner as located on the ground was correct, and course and distance were followed, the north boundary line of the land conveyed by the Crumps to Wilson & Norris would pass the east boundary line of the Righley and extend entirely across

the S. F. I. W. survey on to an adjoining survey. That, however, would not result if Thornton's land was located according to. his deed. Counsel for Wilson & Norris contend that the grantees in Crumps' deed had a right to begin with that intermediate call and go east with the calls for distance. They overlooked the fact that they could not go beyond a well-recognized line to satisfy a call for distance. If Thornton had established his northeast corner in accordance with his deed and as indicated on the map, there would have been no conflict between Thorntons' lines and the lines called for in Crump's deed. With the plot in the abstract before them, Wilson & Norris were put upon notice of where the true boundary line of Thornton's land should be located. In this proceeding it is immaterial who made the mistake in locating the land upon the ground. If that location is in plain conflict with the field notes contained in the deed to Wilson & Norris, they have no right to claim reimbursement for a breach of warranty. Clearly their grantors warranted the title to only the land which their conveyance described. Compton v. Franks (Tex. Civ. App.) 222 S. W. 988; Starks v. Homuth (Tex. Civ. App.) 45 S. W. 761.

It is not contended that the field notes of the Crumps' deed does not contain the full quantity of land sold to Wilson & Norris. In other words, no shortage is claimed. There is nothing in the record to indicate that Wilson & Norris may not now take possession of all the land which their deed does describe. If that be true, they have not shown a failure of title.

The judgment in favor of Wilson & Norris against C. C. Crump and others and the judgment in favor of the Crumps against Van Dyke will be reversed, and judgment here rendered that Wilson & Norris take nothing by their suit against the Crumps, and that the Crumps take nothing by their suit against Van Dyke. The judgment of the plaintiffs for the recovery of the land sued for will remain undisturbed.

On Motion for Rehearing.

[2] The appellant Van Dyke complains in a motion for a rehearing that he was denied relief in the trial court on a cross-action against his codefendants C. C. Crump and others, upon a note for the purchase money of a tract of land lying between the Righley survey and the Sulphur Forks Iron Works survey. It appears that at the time Crump purchased the land there was some uncertainty as to the true location of the boundary line between those two surveys, and the Crumps were given the privilege of paying for the disputed strip when the conflict was settled. That disputed strip was not involved in this suit as instituted by the plaintiffs, nor was that issue raised by Wilson &

Norris, the defendants in the original action.

The appellant Van Dyke sought to introduce into the controversy a subject-matter wholly foreign to the principal litigation; and, while the court below may have been incorrect in the grounds upon which it denied him any relief, it committed no error in refusing to render a judgment in his favor upon his cross-action. It may be that he is entitled to the relief which he here seeks, when applied for in a proper proceeding. His motion will therefore be overruled without prejudice to his right to institute at some future time a proper suit for the recovery of the judgment which he seeks.

We have carefully considered the motion filed by the appellees Wilson & Norris, and see no reason why we should disturb the judgment heretofore rendered, and their motion is accordingly overruled.