BOWERS v. INTERNATIONAL–GREAT NORTHERN R. CO. et al.*
(No. 7009.)

(Court of Civil Appeals of Texas. Austin. May 26, 1926. Rehearing Denied June 23, 1926.)

1. Municipal corporations ⬥657(2)—City adopting home rule charter held authorized to close street without election (Home Rule Amendment to Const.; Rev. Civ. St. 1911, tit. 22; Rev. Civ. St. 1925, arts. 1017 to 1020, 1165 to 1182).

City of over 5,000, coming under Home Rule Amendment to Constitution by adopting charter under Rev. St. 1925, arts. 1165–1182, incorporating Rev. St. 1911, tit. 22, and Rev. St. 1925, art. 1175, held to have authority to close city street without necessity of election, under Rev. St. 1925, arts. 1017–1020.

2. Municipal corporations ⬥657(2).

Exercise of power of city to vacate, abandon, or close its streets was discretionary with municipality.

3. Municipal corporations ⬥657(6).

In absence of clear showing that officers of municipality exercised power to vacate, abandon, or close street capriciously, fraudulently, or in abuse of discretion, court will not interfere.

4. Municipal corporations ⬥657(2).

Municipal officers held not to have abused discretion in closing portion of street across

(286 S.W.)

railroad right of way in consideration of removal of side tracks from another street and opening new street.

**5. Eminent domain ⬚=274(1).**

Landowner *held* not entitled to injunction against closing of city street on which his property did not abut, it not being taking of property within constitutional inhibition.

**6. Eminent domain ⬚=293(1).**

Petition *held* on general demurrer to sufficiently allege that closing of street rendered property more inconvenient of access and decreased market value to raise issue of damage within Const. art. 1, § 17.

**7. Eminent domain ⬚=285—Landowner held to have no right of action against railroad, though ordinance recited street was closed for its use.**

Though ordinance closing city street over railroad crossing, rendering property inconvenient of access and decreasing market value, recited that it was closed for use of railroad, landowner *held* to have no right of action against railroad.

Appeal from District Court, Williamson County; Cooper Sansom, Judge.

Suit by A. L. Bowers against the International-Great Northern Railroad Company and others. Judgment dismissing suit, and plaintiff appeals. Affirmed as to defendant named, and as to defendant city of Taylor affirmed in part, and in part reversed and remanded for trial.

Critz & Lawhon, of Taylor, and W. C. Campbell, of Palestine, for appellant.

Andrews, Streetman, Logue & Mobley, of Houston, and Taylor & Atkinson, of Waco, for appellee International-Great Northern R. Co.

Solon I. Reinhardt, of Taylor, for appellee City of Taylor.

BAUGH, J. Appellant sued the city of Taylor, its mayor, commissioners, manager and secretary, and the International-Great Northern Railroad Company, seeking first an injunction to prevent the closing of that portion of one of the streets of said city upon and across the railroad company's right of way, and in the alternative prayed for damages to appellant's land ·by reason of such closing. The trial court sustained appellees' general and special demurrers to appellant's petition, and, upon his refusal to amend, dismissed the suit. Hence this appeal.

The pleadings in the case are voluminous. Without following the order of plaintiff's pleadings the following substantial facts appear from his amended petition admitted as true, under said demurrers:

The city of Taylor has a population of about 10,000, and operates under what is known as the Home Rule Amendment to the Constitution. Main street is the principal business street of said city, and runs north and south. The railroad company's tracks run east and west through the city. The business section lies north of said tracks. In the southwest part of said city, within the corporate limits, just south of the railroad and west from the business section, appellant owned about 77 acres of land, acreage property. This land was bounded on the north for its entire length of 1,952 feet by a public road, and the north line of said road formed the south line of the railroad right of way. It was bounded on the east for a distance of 1,830 feet by Doak Street, which ran north and south through the city, intersecting the public road at the northeast corner of said 77-acre tract, and crossing the railroad right of way there. This street had been open and in use for a period of about 30 years, and was dedicated and in use when the appellant purchased this land. It was the only street which crossed the railroad tracks between Main street and the western limits of the city of Taylor, a distance of about a mile.

In order to avoid congestion of traffic on Main street at the downtown section where it crossed the railroad tracks, the city proposed a contract with the railroad company that if said railroad company would remove several of its side tracks across Main street, where it had theretofore broken up its trains and done much switching, and decrease the switching there 90 per cent., and would open up another street across its right of way not more than three blocks west of Doak street, the city would close Doak street across its right of way for the exclusive use of the railroad company, for a period of 15 years from January 1, 1925. At an election held in the city of Taylor on September 29, 1924, in which was submitted the question of closing the Doak street crossing under these circumstances, such closing and contract were authorized by a vote of 204 to 28. An ordinance was then passed on October 2, 1924, closing the Doak street crossing for the use of the railroad company, and embodying the terms of the contract with the railroad company. The railroad company made another crossing over its track 1,100 feet west of the one closed, thus requiring those who crossed the right of way going north via Doak street to go 1,100 feet further west to do so. Appellant's pleadings do not disclose whether the public road or any streets run east from his property so as to provide egress in that direction to Main street, where the railroad could then be crossed to the main business section of Taylor. Appellant's chief complaint is that those residing upon his property are thus required to travel 1,100 feet further in order to reach the northern part of the city, and 2,200 feet further in order to reach the business section of the city,

than was required before the Doak street crossing was closed.

[1] The first question raised is whether the city of Taylor, under the facts pleaded, had authority to close said street. Such authority cannot, we think, be seriously questioned. The city of Taylor had brought itself under the terms of the Home Rule Amendment to the Constitution, in compliance with the Acts of the Thirty-Third Legislature, General Laws 1913, c. 147 (articles 1165 to 1182, R. S. 1925), by adopting its charter in accordance therewith. Under article 1174, R. S. 1925, such charter when duly registered "shall be deemed a public act and all courts shall take judicial notice of same." Its charter expressly provided that the city of Taylor should have all the powers conferred by title 22 of the Revised Civil Statutes of 1911 as fully and completely as if in said charter separately enumerated. A similar provision also incorporated all powers mentioned in section 4, c. 147, of the General Laws of 1913 (article 1175, R. S. 1925). This article 1175 expressly gives to cities adopting a charter under said chapter "full power of local self-government," and under section 18 thereof, "enumerated for greater certainty" the express power to "vacate, abandon and close" · its streets, alleys, avenues, and boulevards. It is manifest, therefore, that both the Legislature and the Constitution have delegated to the city of Taylor such power of control over its streets. This question was fully discussed by this court in a case somewhat similar to the case at bar in Johnson v. Lancaster, 266 S. W. 565. See, also, City of San Antonio v. Fetzer (Tex. Civ. App.) 241 S. W. 1034; Dallas Cotton Mills v. Industrial Co. (Tex. Civ. App.) 252 S. W. 823. We deem further discussion of it here unnecessary.

Though we do not think an election was necessary to vest the commissioners with authority to close said street because the city of Taylor had a special charter and more than 5,000 inhabitants at the time, said city did in fact, perhaps to remove any doubt about the matter and to comply with articles 854a, 854b, and 854c of Vernon's Sayles' Revised Civil Statutes of 1914 (articles 1017 to 1020, Revised Statutes 1925), in case such statutes did apply, hold an election to determine whether such street should be closed, and same was authorized by a vote of more than 7 to 1. Though unnecessary to hold it, such election and its results may be looked to as indicating the interest and welfare of the public in support of the action of the commissioners in making the contract with the railroad company and in closing said crossing.

[2-4] With the power to vacate, abandon, or close its streets vested in the city, the exercise of that power was a discretionary matter with the municipality, and in the absence of a clear showing that the officers of the municipal government exercised such power capriciously, fraudulently, or in abuse of such discretion, the courts will not interfere. See 28 Cyc. 840, 949; Dallas Cotton Mills v. Industrial Co., supra; San Antonio v. Fetzer, supra. Not only is there no showing of fraud or abuse in this case, but, we think the plaintiff's pleadings clearly show the use of such discretion in good faith and in the interest of the whole public.

[5] In no event has appellant shown himself entitled to an injunction. His property did not abut upon the portion of the street closed by the city, and a means of ingress and egress on both the north and east sides of his property is still left open. The portion closed was across and beyond the intersection of Doak street and the public road upon which his property abutted. He owned no fee in the portion closed. Under such circumstances the closing of said portion of Doak street was not a "taking" of his property within the meaning of the constitutional inhibition thereof. This point was also determined against appellant in Johnson v. Lancaster, supra. And in Dallas Cotton Mills v. Industrial Co., supra, the court say:

"If the land is not abutting, an owner cannot enjoin either the vacating or the closing of a street. He is to be regarded merely as a fellow sufferer with the rest of the * * * public if he is inconvenienced. If special circumstances exist which disclose that damages peculiar to the complaining property owner are inflicted upon him, then his adequate and exclusive remedy is afforded by a suit at law, and he still will be denied a remedy by injunction."

Where such an adequate remedy by a suit at law is afforded, it is well settled that an injunction will not be granted. G. H. & S. A. Ry. Co. v. De Groff, 102 Tex. 441, 118 S. W. 134, 21 L. R. A. (N. S.) 749; Hill v. Brown (Tex. Com. App.) 237 S. W. 252.

Most of the cases cited by appellant are not applicable to the facts of this case. It is unnecessary to distinguish them here. No question of the abatement of a nuisance or the exercise of the power of eminent domain by the railroad company is here involved. And if appellant's property actually abutted upon the portion of the street closed, as was true in some of the cases cited by appellant, a different question would be presented.

[6, 7] The remaining question is whether or not plaintiff's petition alleged such damages peculiar to his own property, distinct from any damage that may have been done the general public, as would entitle him to a trial on this issue. If the closing of such street and the removal of said crossing 1,100 feet further west rendered appellant's property more inconvenient of access and decreased its market value, appellant was entitled to recover such loss sustained thereby as damages, within the meaning of article 1, § 17, of the Constitution, which provides that no person's property shall be taken, damaged,

or destroyed for public use without adequate compensation being made. Powell v. H. & T. C. Ry. Co., 104 Tex. 219, 135 S. W. 1153, 46 L. R. A. (N. S.) 615; City of Texarkana v. Lawson (Tex. Civ. App.) 168 S. W. 867. The trial court having sustained a general demurrer to this portion of appellant's pleadings, the special exceptions thereto will not be considered. · We think appellant's pleadings, as against a general demurrer, were sufficient to present this issue and entitle the appellant to a trial thereon as against the city of Taylor, but not as against the International-Great Northern Railroad Company. True the ordinance recites that such crossing is closed for a period of 15 years for the exclusive use of said railroad company, but the closing of said street crossing was also conditioned upon the removal by the railroad company of at least 90 per cent. of its switching from the Main street or downtown crossing. It appears to be uncontroverted that the closing of the Doak street crossing was sought by the city of Taylor in order to transfer the switching from Main street west in the interest of the public and not at the behest of the railroad company. In any event the street was closed by the city itself, in its own interest, and under legislative authority vested in it to do so. In the absence of fraud, abuse, or violation of such legal authority, we are not concerned with the expedience of such action or with the reasons which prompted it. City of San Antonio v. Fetzer, supra. If legal damage was caused to appellant's property it was by the action of the city, and not one for which the railroad could be held to. respond.

For the reasons stated, the judgment of the trial court in so far as it relates to the International-Great Northern Railroad Company is in all things affirmed. As to the city of Taylor, it is affirmed as to the injunctive relief sought, but reversed and remanded for trial upon appellant's alleged cause of action for damages against said city.

Affirmed in part and in part reversed and remanded.