**BROUSSARD et al. v. L. CARTWRIGHT REALTY CO. et al.**

No. 5601.

Court of Civil Appeals of Texas. Amarillo.
March 27, 1944.

Rehearing Denied April 24, 1944.

Lipscomb & Lipscomb, of Beaumont, for appellants.

Strong & Moore, of Beaumont, for appellee L. Cartwright Realty Company.

Charles T. Butler, Charles S. Pipkin, and W. G. Reeves, all of Beaumont, for appellees Guy A. Thompson and Beaumont, Sour Lake & Western R. Co.

W. A. Tatum and H. R. Clayton, both of Beaumont, for appellee City of Beaumont.

M. L. Lefler and W. O. Bowers, Jr., both of Beaumont, for appellees William Seale & Co. and William Seale.

PITTS, Chief Justice.

J. E. Broussard, C. E. Broussard and J. E. Broussard, Jr., Trustees of Broussard Trust, appellants, filed suit on June 28, 1940, in a trespass to try title suit against L. Cartwright Realty Company, a corporation, William Seale and Company, a corporation, William Seale, individually, the City of Beaumont, a municipal corporation, and numerous other defendants, who in turn impleaded still others, all of whom answered and some with cross-actions. In the alternative, it was a suit for partial breach of warranties against L. Cartwright Realty Company, usually referred to throughout the record as "Realty Company," and William Seale.

The City of Beaumont was made a defendant along with William Seale and William Seale and Company, appellants alleging that they were claiming and occupying adversely to them a part of the land in Lafayette Street and sued to recover damages for the closing of a part of the said street on which appellants' land abuts, to confirm appellants' title to a part of said street and for an easement on the remainder of said street and to enjoin further obstruction of the street frontage of appellants' land.

The case was tried before the court without a jury. Judgment was rendered on December 4, 1942, in favor of all the defendants as against appellants and denying all cross-plaintiffs recovery on their cross-actions as against the cross-defendants. Appellants perfected an appeal to the Court of Civil Appeals of the Ninth Supreme Judicial District at Beaumont and the Supreme Court transferred same to this court.

Appellants filed an amended petition on October 28, 1942, alleging that they were the owners of certain described tracts of land and that on June 1, 1939, they were dispossessed of certain described portions of the same by defendants and prayed for title and possession of the same. In the alternative, appellants alleged that L. Cartwright Realty Company on May 20, 1926, conveyed certain property fronting on Lafayette Street, it being a part of the D. Brown Survey and being a part of the same property described by appellants in their trespass to try title count, to William Seale for a consideration of $12,000, payable $3,000 in cash and by the execution of three vendor's lien notes of $3,000 each, payable respectively in 1, 2 and 3 years after date; that on or about May 19, 1927, the Realty Company transferred the three notes, aggregating $9,000, to J. E. Broussard, who later transferred the notes to appellants; that there were adverse claims of superior titles to a portion of the property described in the deed of conveyance from the Realty Company to William Seale and described in the notes against said property; that there was a deficiency in area of the property so described by reason of the adverse claims overlapping the said described property and a partial breach of warranty by the Realty Company and William Seale to the damage of appellants, who were likewise damaged because of the loss of street frontage and appellants alleged further that in the latter part of 1933 there was a conspiracy between the City of Beaumont, L. Cartwright Realty Company and William Seale to injure appellants by depriving them of a part of their street frontage by closing a part of Lafayette Street and prayed for injunctive relief against the City of Beaumont to restrain it from closing Lafayette Street, which was later made Fourth Street, or cutting off appellants' frontage on the said street.

L. Cartwright Realty Company answered with a general denial and disclaimed title to any property described in appellants' petition except certain lands north of the

David Brown Survey and east of Lafayette Street and denied being a party to the alleged conspiracy. The Realty Company further alleged that the land conveyed by it on May 20, 1926, to William Seale, as described in appellants' petition, was conveyed by William Seale on June 3, 1927, to Harris-Seale Hardwood Company, which assumed the payments of the three vendor's lien notes transferred by the Realty Company to J. E. Broussard on May 19, 1927; that Harris-Seale Hardwood Company executed a renewal note to J. E. Broussard covering the said vendor's lien notes for $3,000 each, aggregating $9,000, and a new loan of $3,000, making a total of $12,000, which $12,000 note was transferred by J. E. Broussard to appellants on June 20, 1931, together with the vendor's lien, rights, equities and interest in the lands described; that thereafter, on September 25, 1931, appellants obtained judgment against Harris-Seale Hardwood Company in Cause No. 37372 in the District Court of Jefferson County for the title and possession of the land, it being the same land conveyed by L. Cartwright Realty Company to William Seale and by said suit and judgment elected to rescind the contract of sale of said land made by the Realty Company to William Seale and thereby extinguished all rights and liabilities under said contract of sale. The Realty Company attached to its pleadings and made a part thereof copies of appellants' pleadings and of the judgment filed in the said Jefferson County District Court case and pleaded an estoppel by reason of the said proceedings and judgment. The Realty Company also pleaded the 2, 3, 4, 5 and 10 years statutes of limitation in bar of recovery by appellants.

William Seale and Company and William Seale answered on November 5, 1942, with a general denial and a plea of 2, 3, 4, 5 and 10 years statutes of limitation and an estoppel because of the proceedings and judgment in Cause No. 37372, District Court of Jefferson County, wherein appellants obtained title to and possession of the land described in the deed and vendor's lien notes about which appellants complained. These parties alleged further that after appellants obtained title and possession to the land in question as described in the judgment in Cause No. 37372, they conveyed the same land by deed to William Seale on September 25, 1931, with full knowledge of the location, measurements and size of the said tract of land;

that on October 1, 1931, William Seale gave appellants a deed of trust on the very same land which deed of trust was foreclosed by appellants on October 4, 1938, by a trustee's sale and they reacquired title to the said land and gave William Seale a release of any and all claims against him after he paid them $1,000 in cash, for all of which reasons appellants were estopped from any other claims against William Seale and William Seale and Company.

The City of Beaumont answered on November 9, 1942, with a number of exceptions, a general denial and said it was not guilty of the charges of conspiracy made by appellants. It alleged further that a part of Fourth Street was changed in 1934 to eliminate two right-angle turns, which change resulted in abandoning a part of old Fourth Street adjacent to appellants' property; that such change was regularly and lawfully made for the best interest of the general public; that appellants had knowledge of the change or by the exercise of reasonable diligence could have discovered the change since the new Fourth Street was paved in June, 1934, and had since been in use by the general public and prayed that the relief asked for by appellants be denied as a matter of law and due to laches.

Pleadings of other parties to the suit are not material to this appeal.

Appellants, by way of supplemental replies, excepted to and moved to strike pleas of estoppel filed by L. Cartwright Realty Company and William Seale and William Seale and Company and denied their allegations as well as the allegations filed by the City of Beaumont.

Appellants predicate the appeal on ten points of error to the effect that the trial court erred in overruling appellants' exceptions to L. Cartwright Realty Company's pleas of estoppel and limitation; that it erred in rendering judgment against appellants and for the Realty Company and William Seale on the question of warranties and for William Seale and William Seale and Company when the evidence showed they were estopped from claiming any of the land adversely to appellants; that it erred in refusing to render judgment for appellants to confirm their title to the West Half of Fourth Street where it was adjacent to appellants' property and for an easement to the East Half of the said street; that it erred in refusing appellants injunctive relief and

that it erred in rendering judgment generally against appellants.

■ Our attention will be directed to those questions only that appellants raise in their brief since any questions not briefed, as required by Rule 418, Texas Rules of Civil Procedure, are waived. San Antonio Joint Stock Land Bank v. Malcher, Tex.Civ.App., 164 S.W.2d. 197; Piedmont Fire Ins. Co. v. Ladin, Tex.Civ.App., 174 S.W.2d 991.

■ We overrule appellants' complaints at the failure of the trial court to sustain their exceptions to L. Cartwright Realty Company's pleas of estoppel and limitation since William Seale and William Seale and Company likewise pleaded estoppel and limitation for the same reasons without any complaint by appellants in their brief and since it appears to us that such questions are properly raised and that the raising of those issues by pleadings, if improper, certainly resulted in no injury to appellants in the trial before the court.

The record discloses that the City of Beaumont is located principally on two old surveys of land known as the Noah Tevis Survey and the David Brown League; that they were surveyed on the same date in 1837, but the Brown League was surveyed after the Tevis Survey was made and the calling for the north line of the Brown League was fixed by the south line of the Noah Tevis Survey; that on May 20, 1926, L. Cartwright Realty Company conveyed by deed to William Seale a strip of land in the shape of a parallelogram situated in Jefferson County, Texas, and being a part of the David Brown Survey and described as being 1052.2 feet long east and west and 248.4 feet wide north and south, the west end line calling for 248.4 feet "to north boundary line of said Brown Survey; thence east with said boundary line 1052.2 feet to west line of Lafayette Street; thence south with west line of Lafayette Street 248.4 feet to place of beginning;" that west of the tract of land described and adjacent thereto was Lafayette Street, sixty feet wide, running north and south; that the said street extended north to a point thirty feet north of the north line of the Brown Survey and made a right-angle turn west for a distance of 154.8 feet (the east-west part of the said street appeared to be only thirty feet wide and was wholly on the Tevis Survey) then made a right-angle turn north across the Tevis Survey; that the consideration for the sale of the strip of land by the Realty Company to William Seale was $12,000, payable $3,000 in cash and three notes for $3,000 each with vendor's lien payable to Realty Company 1, 2 and 3 years after date executed by William Seale; that on May 19, 1927, the Realty Company assigned the three notes to J. E. Broussard; that on June 3, 1927, William Seale conveyed the land in question to Harris-Seale Hardwood Company, which company assumed the payment of the three notes and executed a new note and deed of trust to J. E. Broussard for $12,000, payable two years after date, which note included a renewal of the said three notes aggregating $9,000, together with a new loan of $3,000; that on June 20, 1931, J. E. Broussard transferred the note secured by the deed of trust to appellants, who filed suit in the District Court of Jefferson County soon thereafter and obtained judgment on September 25, 1931, against Harris-Seale Hardwood Company and its receiver for title and possession to said tract of land 1052.2 feet long by 248.4 feet wide after dismissing in said suit as to L. B. Harris and William Seale; that on the same date of the said judgment appellants deeded the same land to William Seale, who executed a note for $12,000 as a part payment of the consideration and secured it with a deed of trust and thereafter, on August 24, 1936, William Seale executed an extension agreement on the $12,000 note with interest; that on October 4, 1938 the said land was sold at trustee's sale to liquidate the debt and appellants bought it in.

The record discloses that there were some inconsistencies in the description of the land in the deed of conveyance from L. Cartwright Realty Company to William Seale as well as in all the transfers in that the west and east ends of the strip called for a distance of 248.4 feet at each end, running to the north boundary line of David Brown League, whereas the actual distances marking the west and east ends of the said strip could not have been but 190.6 feet if they stopped at the north line of the David Brown League as called for in the deed and the said deed also conveyed the said tract of land as "being a part of the David Brown League Survey" and fixed the north boundary line of the Brown Survey as the north line of the tract conveyed; that a strip 1052.2 feet by 248.4 feet, beginning at the point

designated and following the calls by distances would have necessarily crossed the north boundary line of the David Brown League and gone into the adjacent survey, the Noah Tevis Survey, and have included a strip in the shape of a parallelogram 1052.2 feet long by 57.8 feet wide out of the Tevis Survey. The record discloses another discrepancy if distances were followed in the callings found in the said deed as well as the said transfers in that the north line of the tract in following the calls by distance running from west to east calls for the intersection of the west line of Lafayette street, which is impossible if distances are followed since, according to appellants' maps and plats in evidence, Lafayette Street, running north and south, makes a right-angle turn west 27.8 feet before it would reach (if prolonged) the point of intersection called for in the deed by distances. The record discloses that the portion of land 1052.2 feet long by 57.8 feet wide immediately north of the north line of the David Brown League and situated wholly in the Noah Tevis Survey was occupied and had been continuously occupied for ten to twenty-five years previous to the filing of this suit by individuals other than appellants, all of whom had superior titles to any claimed by appellants, who, under the record, had never been in possession or occupied any part of the said land in the Tevis Survey.

The record discloses that on January 9, 1934, the City Commission of the City of Beaumont, for the convenience of the public, took official action to change Fourth Street, which had been formerly known as Lafayette Street, and eliminated the two right-angle turns heretofore referred to and thus reduced traffic hazards; that such change was made in cooperation with the State Highway Department, which paved the said street in June, 1934, after the change was made; that the said change left a portion of the old street abandoned; that the abandoned portion of said street was in the shape of a right-angle triangle 148 feet by 130 feet by 56 feet with the west line of the new Fourth Street forming the hypotenuse and the longest side of the right-angle triangle being 130 feet and adjacent to a part of the east end of the land in question which belonged to appellants at the time of the trial; that appellants' said land had about 50 feet of the east end of the same adjacent to the new Fourth Street; that on December 30, 1933, the City of Beaumont conveyed by a quit claim deed to William Seale the said triangular piece of land, the quit claim deed being of record in Volume 382, page 271 of the Deed Records of Jefferson County.

This is a suit to recover the shortage called for by distances in the deed, that is, the strip 1052.2 feet by 57.8 feet north of the north line of David Brown League and wholly in the Noah Tevis Survey, or, in the alternative, for damages for a breach of warranty because of the shortage and to have confirmed appellants' title to the West Half of that part of Fourth (Lafayette) Street that was abandoned and an easement over the East Half of that part of the said street that was abandoned and for an injunction to restrain the city from closing the said old part of Fourth Street.

The record of evidence is voluminous but the facts stated above will serve all necessary purposes for this appeal.

Since this case was tried without a jury before the court and no findings of fact and conclusions of law were filed or requested, it must be presumed that the trial court found every issue of fact raised by the pleadings and evidence in support of the judgment and it must be assumed that there was sufficient evidence to support every fact essential to sustain the judgment unless the contrary is made to appear. Wink v. Wink, Tex.Civ.App., 169 S.W.2d 721; Miller et al. v. State, Tex. Civ.App., 155 S.W.2d 1012, and other authorities there cited.

It appears that for some time prior to the filing of this suit appellants had title to and were in possession of all the land conveyed by the Realty Company to William Seale and that the deed executed by the Realty Company to William Seale on May 20, 1926, did not convey and did not intend to convey any land within the Noah Tevis Survey or any land outside of the David Brown League. It further appears that the transfer of the notes and liens did not pretend to convey any liens against any land other than that conveyed by the Realty Company to William Seale. It also appears that appellants have never owned or occupied any part of the said land in the shape of a parallelogram 1052.2 feet by 57.8 feet in question within the Noah Tevis Survey but that others have had a superior title for many years to all of

the said land. Therefore appellants could never have been ousted from nor dispossessed of the said land.

■ It was admitted by all parties that the north line of David Brown League was fixed by the south line of the Noah Tevis Survey. The covenant between the Realty Company and William Seale relates to the premises conveyed within the David Brown League. The call for the west line of the tract of land in question extending to the "north boundary line of said Brown Survey; thence east with said boundary line" will control as a matter of law over the inconsistent distances recited in the deed since the north boundary line of the David Brown League was an old, well-established line between two very old surveys. Magnolia Petroleum Co. v. Jones, 138 Tex. 67, 158 S.W.2d 548, and Bennett et al. v. Latham, 18 Tex.Civ.App. 403, 45 S.W. 934.

It is our opinion that the trial court properly held that appellants had no right to a judgment for that strip of land 1052.2 feet by 57.8 feet wholly within the Noah Tevis Survey. It is likewise our opinion that as a matter of law there was no breach of warranty or partial breach of warranty by the realty company, William Seale or William Seale and Company under the record in this case. Compton et al. v. Franks, Tex.Civ.App., 222 S.W. 988; Stark v. Homuth et al., Tex.Civ.App., 45 S.W. 761; Bennett et al. v. Latham, supra.

■■ The record does not support appellants' claim of an equitable cause of action pertaining to the strip of land last above mentioned. Appellants contend that they did not know of the shortage of land sold by the Realty Company to William Seale on May 20, 1926, against which land they held vendor's lien notes, until they made a survey of the same and had an abstract made in 1940, but appellants, J. E. Broussard and C. E. Broussard both testified that they could have, by the same means, made the same discovery in 1927 when they first became interested in the land by purchasing the notes and certainly they could have at any time subsequently thereto and most certainly they could have when they owned the same land as a result of the Jefferson County judgment in Cause No. 37372 in 1931, after which they reconveyed it to William Seale. The trial court was justified in finding, and it is presumed that it did so find, that appellants did not exercise reasonable and ordinary diligence to determine and discover earlier than 1940 the quantity of land they were interested in since the year 1927, which they owned for a time in 1931. The law provides that limitation will begin to run in such cases from the time when, by the use of reasonable diligence the shortage could have been discovered. Alston & Hutchings v. Richardson, 51 Tex. 1; Kuhlman v. Baker, 50 Tex. 630; Bass v. James, 83 Tex. 110, 18 S.W. 336, and many more recent authorities.

■ Notwithstanding the disposition made by us of the questions above, it is our opinion that the proceedings had and the judgment obtained by appellants, the holders of the said vendor's lien notes, against the Harris-Seale Hardwood Company, the owners of the land in question, on September 25, 1931, in Cause No. 37372, District Court of Jefferson County, for title and possession of the said land, it being the same land conveyed by Realty Company to William Seale, constituted an estoppel and precludes appellants from recovering in this suit in so far as it may concern the said land in question on their warranties pleaded and, most certainly, as against William Seale, who was made a party to the said suit by appellants and later dismissed from same at their request. Gustafson v. American Land Co., Tex.Civ.App., 234 S.W. 244, and affirmed by Supreme Court, 249 S.W. 189; 43 Tex. Jur. 397, sec. 221, page 341, sec. 197, page 360, sec. 206, page 300, sec. 177; Biggs v. Doak et ux., Tex.Civ.App., 259 S.W. 665; Stinson et al. v. Sneed, Tex.Civ.App., 163 S.W. 989; 26 Tex.Jur. 14, sec. 354, page 179, sec. 437, page 194, sec. 444.

■ The statutes and numerous authorities authorize a city such as Beaumont to act through its proper officials to regulate, control, alter, widen, narrow, straighten, vacate, abandon or close its streets for the benefit of the general public. Article 1175, Revised Civil Statutes; Bowers v. International-Great Northern R. Co. et al., Tex.Civ.App., 286 S.W. 590, reversed for other reasons, Bowers v. City of Taylor, Tex.Com.App., 16 S.W.2d 520; Johnson v. Lancaster et al., Tex.Civ.App., 266 S.W. 565; City of San Antonio v. Fetzer, Tex.Civ.App., 241 S.W. 1034; Dallas Cotton Mills v. Industrial Co. et al., Tex.Civ. App., 252 S.W. 821, and Id., Tex.Com. App., 296 S.W. 503; 39 Tex.Jur. 533, sec. 18, page 534, sec. 19, page 536, sec. 20; Kahn v. City of Houston et al., 121 Tex.

293, 48 S.W.2d 595; Texas Co. et al. v. Texarkana Mach. Shops, Tex.Civ.App., 1 S.W.2d 928; Hartwell Iron Works v. Missouri-Kansas-Texas R. Co. of Texas, Tex. Civ.App., 56 S.W.2d 922.

■■■ The record discloses that for the benefit of the general public the City Commission of Beaumont did on June 1, 1934, make a change in Fourth Street (known as Lafayette Street in 1926) for a distance of some 415 feet, straightened the street and thus eliminated two right-angle turns some 150 feet apart in the said street; that the old street not in use was abandoned at the same time leaving a triangle 148 feet by 130 feet by 56 feet; that appellants' property abuts the triangle or abandoned part of Fourth Street for a distance of 130 feet; that the new street was paved in 1934, since which time it has been used by the general public; that appellant, J. E. Broussard, testified that he had known of the change made in the street since it was made; that the City quitclaimed their interest in the triangle composing the abandoned part of the old street to William Seale on December 30, 1933 (the deed was recorded immediately thereafter in Volume 382, page 271, Deed Records of Jefferson County), in exchange for a certain tract of land used by the City in opening up the new part of Fourth Street; that immediately after the change two buildings were moved and placed adjacent to and facing the new part of Fourth Street, one of which was the office building of William Seale and Company, which has used it continuously since early 1934; that the abandoned part of Fourth Street was covered with shell and was used to park cars on and for the parking and backing of trucks in connection with the operation of a lumber yard adjacent to same; that it was vacant and had no buildings on it.

From the record and authorities cited we believe the City of Beaumont had the authority to abandon and quitclaim that part of old Fourth Street not being used. It did not convey or attempt to convey fee simple title to the same. The same was still open, no buildings on it, paved with shell, open for use by appellants and available for use by others. No showing was made that any threat was being made to close any part of the abandoned street but evidence was offered to the contrary. No showing was made of any conspiracy between the City, the Realty Company, William Seale and William Seale and Company to make the changes that were made and thus damage appellants. No showing was made of irreparable injury to appellants not capable of being compensated by damages as the law requires before a mandatory injunction will issue in such cases. 39 Tex.Jur. 541-543, sec. 24, and authorities there cited. We therefore believe appellants were not entitled to injunctive relief.

■■■ In Texas Courts the question of limitation is applicable alike to suits in law and in equity. We are of the opinion that the trial court was justified in holding that the claim of a cause of action made by appellants against William Seale and William Seale and Company pertaining to the triangular strip composing the abandoned part of Fourth Street was barred by limitation for the following reasons: The quitclaim deed given by the City to William Seale on December 30, 1933, was recorded early in 1934 and appellants filed this suit June 28, 1940; William Seale and William Seale and Company moved two houses and placed them fronting the new Fourth Street and the back part adjacent to old Fourth Street early in 1934 and have used old Fourth Street for parking space the whole time; appellants have known about the existing conditions on the grounds the whole time; J. E. Broussard has owned an interest in or superior title to the property adjacent to Fourth Street since May 19, 1927; the other appellants have owned as much since June 20, 1931.

If the trial court did not find appellants' claim barred by limitation because of the above facts, it was justified in finding that appellants were guilty of inexcusable delay and negligent in not making their claim sooner for the reasons stated above and many others shown by the record and that recovery was barred by laches as a matter of equity.

We have carefully examined the record and all assignments of error and find no reversible error. The judgment of the trial court is therefore affirmed.