**W. W. FISHER, Jr., et al., Appellants,**

**v.**

**CITY OF IRVING, Texas, Appellee.**

**No. 15774.**

Court of Civil Appeals of Texas.

Dallas.

March 31, 1961.

E. L. Markham, Jr., Dallas, for appellants.

Earl Luna, Dallas, for appellee.

YOUNG, Justice.

The suit of appellants was for a mandatory injunction seeking to compel the City to grant building permits for a service station and drive-in grocery on land owned by them fronting on Highway 356, within the city limits of Irving. Appellants had furnished the City with full plans and specifications for the buildings in question, likewise complying, as they alleged, with

requirements of all relevant ordinances to secure said permits; providing in their plans for a 30-foot set-back from front property line on the Highway. The City, nevertheless, had refused to grant the permits; to the contrary, requiring them to set their proposed buildings back 80 feet from front property line rather than the 30 feet required of other property owners with service road frontage.

The case was tried to a jury, the single issue being: "Do you find from a preponderance of the evidence that the action of the City of Irving, its officers and representatives, in refusing to issue building permits to the plaintiffs W. W. Fisher, Jr. and Ed Markham, Jr. was arbitrary and capricious?"; answered in the affirmative. Afterwards upon motion of both plaintiffs and the City for judgment, that of defendant was granted, notwithstanding above verdict; and consequent upon denial of mandatory injunction this appeal is taken.

The three points of appeal relate to the grant of defendant's judgment despite above jury finding (1) "for the reason that there was a real and genuine fact issue as to the arbitrariness and capriciousness of the action of the officials of the City of Irving, Texas, in refusing to grant the building permits in question to Plaintiffs; (2) "for the reason that Defendant was not entitled to such finding in the face of the jury verdict as to the arbitrariness and capriciousness of the City of Irving in refusing to grant said building permits; (3) "for the reason that the arbitrary and capricious action of the officials of the City of Irving constituted an unwarranted deprivation to Plaintiffs of their right to use, enjoy and have the benefit of their property, without compensation for such deprivation of use and benefit and was discriminatory against Plaintiffs by reason of the requirement that they set back their buildings eighty (80) feet from their front property line instead of only thirty (30) feet therefrom as was required of other landowners adjoining Appellants and in the immediate and adjoining area."

Defendant's exhibit 9 pictures the land in question lying on South side of Highway 356 (Irving Boulevard), divided into tracts 1, 2 and 3, showing a 50-foot service or lateral road at both ends for some two miles of the Highway, save for one tract of 250 feet on the immediate West. Most of these service roads lay to the East; not going over the subject property but turning back onto the main Highway.

 Irving is a home rule charter city and as such authority to pass (1) zoning ordinances under Texas Zoning Laws, and (2) such other ordinances under the police power as may reasonably be for the protection of the health, safety, comfort and the welfare of the public. In 1958 Ordinance 435 was passed, requiring that building lines on adjoining property be set back 160 feet from the center line of Highway 356. In effect it was to require of property owners on the highway from whom the City had already arranged for a service road, a set-back of only thirty feet from the right-of-way line, whereas plaintiffs with whom the City had made no such deal, an 80-foot set-back was required. In this connection, plaintiff Fisher testified on cross-examination that in 1955 he had sought to change the classification of the tracts from residential to commercial; submitting to defendant's Zoning Commission a preliminary plat for that purpose; that said plat had shown a set-back of 160 feet from the center of Highway 356 upon information that unless he submitted a plat indicating a service road of 50 feet off the front of the property the zoning request would not be granted; that the preliminary plat did not dedicate such a strip for a service road or right-of-way, the City, at no time having made any offer to acquire it as such. Mr. Fisher further stated that under the Zoning Ordinance the maximum requirement of set-back for building purposes was no more than 29 or 30 feet from front property line; both he and Building Inspector Fletcher concurring in the statement that Ordinance 435 was the only one requiring the owner's property line to be

measured from center line of Highway. Mr. Fisher further testified that the two concerns expecting to lease the contemplated structures would not be interested in case of a set-back of 80 feet, and that he would lose these deals; aside from the extra cost entailed by paving and driveways over an 80-foot frontage. Effect of Ordinance 435 is to compel a uniformity of building lines, a 50-foot differential in frontage resulting from the service road fronting the adjoining property whereas on plaintiffs' land, no such service road frontage had been established by the City. The refusal of permit by the Building Inspector was confirmed by the Board of Adjustment; and bearing upon the first point presented, appellants concede, perforce of the point as stated, that a fact issue exists involving arbitrary action on part of the City. Applicable here is the familiar rule of municipal law, stated in City of University Park v. Hoblitzelle, Tex.Civ.App., 150 S.W.2d 169, 172, that: "The issue therefore narrows to the inquiry, shall the findings of the Board govern in a matter entrusted by law to their discretion (a purely governmental function), or the findings of the jury be substituted therefor? Courts may determine whether or not it appears that the governing body of a city acted arbitrarily, but when the facts are fairly debatable, legislative judgment of the legally constituted Board must prevail." See also City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477; City of Dallas v. Lively, Tex.Civ.App., 161 S.W.2d 895, (writ ref.); King v. Guerra, Tex.Civ.App., 1 S.W.2d 373; City of Corpus Christi v. Jones, Tex. Civ.App., 144 S.W.2d 388. Ironically, appellants' complaint is not to the 80-foot set-back requirement of Ordinance 435, standing alone, but relates to the failure of the City to purchase (or condemn) their 50-foot frontage and thus place them on a parity with others so treated, with result that the latter class have to set back only 30 feet, with result of discrimination. In our opinion, the City was not obliged to take plaintiffs' 50 feet of frontage at any time; same being a matter well within its discretionary powers. Unlike appellants' cited case of Kirschke v. City of Houston, Tex.Civ.App., 330 S.W.2d 629, appellee was not interfering with the property owners' right of beneficial use, the plaintiffs having full rights of occupancy as before, limited only by Ordinance 435. A home rule City under its plenary control over streets (Art. 1175, Vernon's Ann.Civ.St.) may alter, widen, narrow, straighten or even terminate its streets or public ways if it sees fit to do so in the public interest. See Broussard v. L. Cartwright Realty Co., Tex.Civ. App., 179 S.W.2d 777, (writ ref.) and cases there cited for principle involved.

■ Appellants further argue that Ordinance 435 was one of zoning in effect; Art. 1011d, V.A.C.S. providing that "no such regulation, restriction, or boundary shall become effective until after a public hearing in relation thereto * * *"; and no such hearing was admittedly had relative to Ordinance 435. To the contrary, the measure by its terms is a "set-back" regulation passed by a Home Rule City pursuant to its police power for establishment of uniform building lines; a provision thereof reading that "whereas, if said building lines were not set up, future improvement and developments along said streets could extend to the actual property lines of the various abutting property, and would be thus injurious to those owners of property abutting on said streets * * * thus subserving the public welfare and convenience." Such type of ordinance long antedates our zoning laws (see Halsell v. Ferguson, 109 Tex. 144, 202 S.W. 317), and manifestly have direct relation to health, safety, comfort and welfare of the general public. 30–A Tex.Jur. pp. 358–359.

■ Lastly, appellants contend that a requirement of set-back to start from the center line of the highway rather than from the owners' property line is unreasonable. Attention is called to Art. 6812c, § 1, V.A.C.S. empowering the Commissioner's Court "To establish building lines or

set-back lines on major highways and roads in such county, not to exceed one hundred fifty (150) feet from the center line of such major highways and roads * * *". Appellee aptly points out "that if 150-feet set-back is reasonable in the country or outside a City, that certainly the City Commission would not be unreasonable to require 160-feet set-back on a State Highway within the City limits of a busy City."

All points of appeal are overruled and judgment of the trial court is affirmed.