

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 28, 1970

Honorable Thomas W. Brown
Texas Board of Private Detectives,
   Private Investigators, Private
   Patrolmen, Private Guards and
   Managers
P. O. Box 12577, Capitol Station
Austin, Texas 78711

Opinion No. M- 765

Re: Application of Article 4413 (29bb),
     Vernon's Civil Statutes, to alarm
     agencies and armored car ser-
     vices, further licensing of alarm
     agencies by cities for purposes
     other than those set out in Article
     4413 (29bb)

Dear Mr. Brown:

You request our opinion on the following questions:

(1) Are alarm agencies which install and maintain alarm systems
and which meet underwriters laboratories specifications as
approved by the State Board of Insurance exempted from the
regulatory and licensing provisions of Article 4413 (29bb),
Vernon's Civil Statutes, by Section 14(a)(8) thereof?

(2) Does Article 4413 (29bb) require licensing of alarm agencies
other than those specifically exempted in Section 14(a)(8)?

(3) Does the licensing of alarm agencies, if required under
Article 4413 (29bb), prohibit further licensing by a municipal
corporation for the purpose of regulating silent alarms that
are keyed to telephone trunklines of municipal police and
fire departments?

(4) Is an armored car service included within the class of indivi-
duals and companies regulated by Article 4413 (29bb)?

1.

In answer to your questions (1) and (2), Article 4413 (29bb), Section 14(a)(8) provides that an alarm agency which is approved by the State Board of Insurance is exempted from the licensing requirements of Article 4413 (29bb); all other alarm agencies are subject to these licensing requirements.

In our prior Opinion No. M-664 (1970) we held that those alarm agencies approved by the State Board of Insurance which perform normal and customary activities of alarm agencies, as therein stated, were exempted by Section 14(a)(8) from the license provisions of Article 4413 (29bb).

2.

We answer your question (3) "No". Municipal corporations have the right, under their police power, to protect the health, safety, morals, and general welfare of their citizens by regulations that are reasonable and necessary for the purpose. Cannon v. City of Dallas, 263 S.W.2d 288 (Tex. Civ. App. 1953, error ref. n.r.e.); Fisher v. City of Irving, 345 S.W. 2d 547 (Tex. Civ. App. 1961, no writ). In the exercise of this police power, a municipal corporation may enact reasonable regulations of various occupations and businesses. For example, see: Reed v. City of Waco, 223 S.W.2d 247 (Tex. Civ. App. 1949, error ref.) (taxi cabs); Trewitt v. City of Dallas, 242 S.W. 1073 (Tex. Civ. App. 1922, no writ)(plumbing); Hanzal v. City of San Antonio, 221 S.W. 237 (Tex. Civ. App. 1920, error ref.)(barbers); Gregg v. State, 376 S.W.2d 763 (Tex. Crim. 1964)(massage parlors).

Therefore, we are of the opinion that Section 14(b) of Article 4413 (29bb) was not intended to prevent, and should not be construed to prevent, a municipal corporation within the exercise of its police power from imposing reasonable licensing regulations to regulate alarm agencies for the specific purpose of regulating silent alarms keyed to telephone trunklines of municipal police and fire departments.

3.

The answer to your question (4) is "No". An armored car service is not included within the class of individuals and companies regulated by this Act. The Act specifically applies to those classes of persons who primarily function as guards or patrolmen. An armored car service performs services primarily in the nature of transportation rather than that of guarding or patroling as designated in the Act. "Patroling" involves the idea of walking

to and fro as a guard. Ex Parte Heffron, 162 S. W. 652 (Ct. of App. Mo., 1914, no writ). "Transport" or "transportation" is the moving of goods or persons from one place to another by a carrier. Beaver Reclamation Oil Company v. Railroad Commission of Texas, 112 S. W. 2d 765, 768 (Tex. Civ. App. 1936, rev. on other grounds, 117 S. W. 2d 53); Bell v. State, 179 S. W. 2d 550, 551 (Tex. Crim. 1944); Neas v. Home Fire and Marine Insurance Company, 135 F. Supp. 205, 207 (N. D. Tex. 1955).

## S U M M A R Y

All alarm agencies are subject to the licensing provisions of Article 4413 (29bb), V. C. S., except those specifically exempted by Section 14(a) which perform the normal and customary activities of alarm agencies.

Under Article 4413 (29bb), Section 14(b), V. C. S., the licensing provisions regarding alarm agencies do not prohibit further reasonable licensing by a municipal corporation for the purpose of regulating silent alarms keyed to telephone trunklines of municipal police and fire departments.

An armored car service is not included within the class of individuals and companies regulated by Article 4413 (29bb), V. C. S.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by E. L. Hamilton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Scott Garrison
Steve Hollahan
Harriet Burke
Jack Goodman

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant