## Carlos Hugo et al. v. Annie Seffel et al.

Application No. 2123.   Decided February 2, 1899.

**1. Appeal Bond—Husband and Wife.**

Where the husband joins the wife in a suit to enjoin an execution sale of her separate property, he has, it seems, such personal interest in the judgment, by reason of his liability for costs, that he should be named as an obligee in an appeal bond given by the adverse party. (P. 415.)

**2. Appeal—Defective Bond—Jurisdiction—Affirmance on Certificate.**

An appeal bond being amendable on motion to dismiss (Revised Statutes, article 1025), a defective bond is sufficient to give the Court of Civil Appeals jurisdiction; if no such motion is made by appellee the court should hear and determine the appeal; and hence where appellant does not file transcript within proper time an affirmance on certificate is proper, though the bond was defective. (Pp. 414, 415.)

Application for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Annie Seffel, joined by her husband, obtained injunction in the District Court against the sale by Hugo and others of her separate property under execution against her husband. Defendants filed appeal bond payable to Annie Seffel only, and, failing to file transcript in due time, the judgment was affirmed on certificate. The appellants moved to vacate this judgment and dismiss the appeal because the judgment below was not a final one and because the appeal bond was insufficient. The motion being denied they applied for writ of error.

*Wurzbach & Wurzbach* and *John S. Lockwood*, for applicants.

GAINES, Chief Justice.—This suit was brought by Annie Seffel and her husband against Hugo and Schmeltzer and one Campbell, as sheriff of Bexar County, to enjoin the defendants from selling under execution against the husband a lot in the city of San Antonio, alleged to be the separate property of the wife. Heuermann was subsequently brought into the suit as a party defendant. Upon the trial a judgment was entered perpetuating the injunction and the defendants, Hugo, Schmeltzer, and Heuermann, gave notice of appeal. They filed an appeal bond payable to Annie Seffel only.

The transcript not having been filed in time, the judgment was affirmed upon certificate. The appellants then moved the court to set aside the affirmance and to permit the transcript to be filed, which motion was denied. They also moved the court to vacate its judgment of affirmance and to dismiss the appeal upon the grounds that the judgment

of the trial court was not a final judgment from which an appeal could be taken and that the appeal bond was not in compliance with the statute. This motion was also overruled. This application is filed for the purpose of reviewing the action of the Court of Civil Appeals in affirming the judgment and refusing to dismiss the proceedings in that court.

The Court of Civil Appeals held, correctly as we think, that the judgment was final, and upon that question we deem it unnecessary to make any remarks. In determining the other point, the court held the bond sufficient, and we doubt the correctness of that ruling. It is true the wife is the real party to the suit, but the husband is a proper party. Indeed, he is a necessary party to an action to recover or protect the wife's separate property—unless he refuse to bring the suit himself or join her in suing. By joining her in the suit, he becomes liable for the costs, in the event they should fail to recover. Therefore he has a personal interest in preventing a reversal of the judgment. Should a reversal be granted, he may, upon a second trial, be adjudged to pay the costs. We therefore incline to think that he should have been named as an obligee in the bond and thereby made a party to the appeal. But article 1025 of the Revised Statutes provides that "when there is a defect of substance or form in any appeal or writ of error bond, on motion to dismiss the same for such defect, the court may allow the same to be amended by filing in the said courts of civil appeals a new bond, on such terms as the court may prescribe." The motion referred to in the article is the motion of the appellee or of the defendant in error, as the case may be. It was not contemplated that the appellant or plaintiff in error should urge his own fault as a ground for dismissing his own appeal. In the absence of a motion to affirm by the adverse party, he could dismiss at any time without cause. Therefore in case the appellee or defendant in error fail to make a motion to dismiss on account of a defective bond, it is clearly intended that the court should proceed to hear and determine the appeal. It follows that since the passage of the statute quoted, a defective bond is sufficient to give the Court of Civil Appeals jurisdiction over the appeal. We therefore conclude that whether the appeal bond was good or not, the Court of Civil Appeals had jurisdiction of the case and properly refused to set aside its judgment of affirmance on certificate.

The application for the writ of error is refused.

*Writ of error refused.*