## NEW AMSTERDAM CASUALTY CO. v. HARRINGTON. (No. 11898.)

Court of Civil Appeals of Texas. Fort Worth.
June 25, 1927.

Injunction ⇐⇒26(6) — Injunction will not be granted defendant to restrain plaintiff from prosecuting case on ground that defendant settled alleged cause of action (Rev. St. 1925, art. 4642).

Injunction to restrain plaintiff from prosecution of case will not be granted defendant on ground that it had made complete settlement of alleged cause of action, since legal remedy by plea of settlement is adequate; Rev. St. 1925, art. 4642, providing for injunctions not giving right to injunction, where legal remedy is as efficient as the remedy in equity.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by Charles F. Harrington against the New Amsterdam Casualty Company, in which the defendant filed a petition for an injunction. From an order denying the writ, the defendant appeals. Affirmed.

See, also, 283 S. W. 261, 290 S. W. 726.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

W. L. Scott, of Olney, and Davenport & Crain, of Wichita Falls, for appellee.

CONNER, C. J. This appeal is from an order of Hon. P. A. Martin, District Judge, denying an application of the appellant, New Amsterdam Casualty Company, for a writ of injunction.

Appellant's petition for the writ alleges:

"That on or about the middle of March or April, 1927, defendant (appellant) made a full and·complete settlement with the plaintiff, which settlement was made at the instance of the plaintiff and his wife, Grace K. Harrington, under the terms of which defendant paid over to the plaintiff the sum of $2,200, and took from him a receipt therefor.

"That said settlement was made after the Supreme Court had reversed a former judgment rendered by the district court of Wichita county, Tex., in favor of plaintiff, and held, in substance, that upon the cause pleaded by plaintiff, as applied to the admitted facts in the case, there was no liability on the part of defendant to plaintiff."

It was further alleged in substance that the settlement referred to was made upon the solicitation of the plaintiff, Harrington, and with which plaintiff and his wife expressed gratitude. It was further alleged that:

"Defendant shows that it now appears that plaintiff is attempting to repudiate said settlement made under the circumstances aforesaid; that in so doing he either acted in bad faith when he presented said application for settlement to defendant and did so with the intent to defraud defendant, or he has since been persuaded to act in bad faith and with the intent to defraud."

The foregoing allegations are followed in separate clauses by an offer to rescind the settlement mentioned upon .plaintiff being required to pay into the registry of the court for the use and benefit of the defendant, the said sum of $2,200, in which "event defendant will cancel out and hold for naught said agreement for settlement made as above set out." It is further alleged that:

"In event plaintiff should refuse to return said amount of $2,200 paid by defendant to him as aforesaid, and shall further insist on the further prosecution of this cause against defendant, it further prays:

"(1) That a receiver shall here and now be appointed by the, court with authority and instruction to take possession of said sum of $2,200 so paid by defendant to the plaintiff, and that plaintiff shall be ordered and required to pay over said sum of money to the said receiver.

"(2) That a writ of injunction shall issue herein against plaintiff, enjoining and restraining him from the further prosecution of this cause, and from asserting any claim of any sort against defendant on account of the matters and things set out in his petition herein until he shall return to defendant or pay over to a receiver to be appointed by this court said sum of $2,200 so paid by defendant to him as above set out.

"(3) That defendant shall have such other and further relief as the facts, upon the hearing of this application, shall require in law and in equity."

Upon the petition so presented, the judge made the following indorsement:

"The above and foregoing petition being this day presented to me, and being by me fully considered, the writ of injunction prayed for is refused.                    P. A. Martin, Judge."

It is from this order the appeal has been prosecuted, as before stated.

It is evident that appellant's offer to rescind was conditional, and not made effective either by an acceptance on the part of the plaintiff in the suit, Harrington, or by the appointment of a receiver with orders to take possession of the money and deposit it in the registry of the court. And no complaint is now made because of the failure to appoint a receiver as prayed for. The complaint is that the court erred in refusing to issue the writ of injunction. No further reference therefore, to the offer of rescission or the failure of the·court to appoint a receiver will be made.

The transcript makes it evident that the application for the writ of injunction was filed in a suit styled Charles F. Harrington v. New Amsterdam Casualty Company (No. 16838C), but the pleading of .the plaintiff in that case is not presented in the transcript, and we are left without knowledge of the

cause of action asserted by the plaintiff, or of the defense, if any, therein presented by the appellant company. It seems plain to us that the petition for injunction fails to present a cause requiring the issuance of the writ as prayed for. The plea of settlement and payment in accordance therewith as alleged was a complete transaction, and constitutes a good plea in bar of the prosecution of the suit of Harrington indicated by the transcript. No reason is alleged why this plea may not be presented and maintained by appellant in event plaintiff Harrington shall insist upon the further prosecution of his suit. The trial of the issue thus presented can be as well and as expeditiously determined then as in this proceeding. In other words, appellant shows that it has a legal remedy that may be exercised by it in the proper forum without prejudice. Appellant insists that it is given a statutory right to an injunction without a showing of any equitable reasons therefor. The statute (R. S. 1925, art. 4642), so far as applicable, declares:

"That judges of the district and county courts shall, in term time or vacation, hear and determine applications for and may grant writs of injunction returnable to said courts in the following cases:

"1. Where the applicant is entitled to the relief demanded and such relief or any part thereof requires the restraint of some act prejudicial to him.

"2. Where a party does some act respecting the subject of pending litigation or threatens or is about to do some act or is procuring or suffering the same to be done in violation of the rights of the applicant when said act would tend to render judgment ineffectual.

"3. Where the applicant shows himself entitled thereto under the principles of equity, and the provisions of the statutes of this state relating to the granting of injunctions. * * *"

Appellant cites the case of Republic Insurance Co. v. O'Donnell Motor Co., 289 S. W. 1064, by the Dallas Court of Civil Appeals, and stresses the following quotation from that opinion:

"Our statute has enlarged the rule at equity. Article 4642 (4643) (2989), Rev. St. 1925, subd. 1, provides that an injunction may be granted 'where the applicant is entitled to the relief demanded and such relief or any part thereof requires the restraint of some act prejudicial to him.' The authority to grant the writ in cases within the meaning of the quoted provision of the statute does not depend in any sense on a showing that there exists no adequate remedy at law. If a case comes within the meaning of the statute, the right to the writ is clear without such showing"—citing numerous cases.

In that case it appears that the motor company held a policy of fire insurance for $7,000, covering a building and certain merchandise that were destroyed by fire. Immediately thereafter some four or five creditors of the motor company instituted suits in the county and district courts of Lynn county against the motor company in actions of debt, and had the insurance company served as garnishee. The insurance company answered the proceedings, denying that it was indebted to the motor company or had effects belonging to it in its possession. These answers were not traversed by the creditors. In this state of the case the insurance company filed suit in the district court of Dallas county against the motor company, seeking cancellation of the policy of insurance on several grounds. The creditors were made parties to the suit, and an injunction was sought to restrain them from further prosecuting the writs of garnishment or any claim against appellant arising out of the issuance of the policy of insurance. A temporary writ of injunction was granted, and served. Later two of the creditors filed suit in the district court of Lynn county against the insurance company on the policy of insurance, claiming to be the owners of an assignment made to them by the motor company. Later, counsel, representing the motor company and the creditors mentioned, and the counsel for the insurance company, had a conference and agreed on a settlement of the litigation. This settlement was carried into effect by a judgment in favor of the motor company and against the insurance company for the sum of $2,500. Some time after this the insurance company was served with a writ of garnishment issued out of the district court of McLennan county by another creditor of the motor company, whereupon appellant, the insurance company, filed in the cause pending in the court wherein the judgment above referred to had been entered a plea setting out the facts referred to, alleging the insolvency of the motor company, the conflicting claims of the creditors to the fund, and prayed that a receiver be appointed to take charge of the fund, and that the creditors be brought into court and their conflicting claims adjudicated to the end that appellant might be fully protected, etc. In this state of the case, the Dallas Court of Civil Appeals held that the insurance company was entitled to the writ of injunction prayed for, restraining the further prosecution of creditors' suits pending at the time of the settlement in the district court.

It thus appears that the case determined by the Dallas court is plainly distinguishable from that presented to us. A favorite ground of equity for an exercise of its equitable remedy by injunction is that of thereby preventing a multiplicity of suits and affording relief not otherwise readily obtainable, and we find no fault with the conclusion reached by the Dallas court in that case, but we do not feel prepared to accept as applicable here the broad statement contained in the quotation that "the authority to grant the writ

[of injunction] in cases within the meaning of the quoted provision of the statute does not depend in any sense on a showing that there exists no adequate remedy at law." Indeed, it ·seems to have been otherwise expressly decided in the case of Hill v. Brown, 237 S. W. 252, by Section A of our Commission of Appeals, adopted by the Supreme Court. It is said in that case, quoting from the headnote:

"An injunction will not be granted to a person who has a plain and adequate remedy at law, which is as efficient as the remedy in equity."

As already indicated, we think it plain that appellant has an adequate remedy at law in the present case, and, under the authority of the case last stated, we conclude that the trial court did not err in refusing the injunction.

The judgment is accordingly affirmed.