BRITISH GENERAL INSURANCE COMPANY, LIMITED, ET AL. V.
MRS. J. A. RIPY ET AL.

No. 6910.   Decided June 23, 1937.
Rehearing overruled July 21, 1937.
(106 S. W., 2d Series, 1047.)

*Elton M. Hyder,* of Fort Worth, and *T. M. West,* of San
Antonio, for plaintiff in error.

Because several terms of court had elapsed between the time when the verdict of the jury was returned and the date on which the judgment was rendered and entered the court should have sustained the defendant's motion to set aside the judgment. Blum v. Neilson, 59 Texas 380; Jones v. Bass, 49 S. W. (2d) 723; Rouff v. Boyd, 16 S. W. (2d) 403.

The plaintiffs having filed a suit on a policy of insurance and not having alleged that the contract existed between plaintiffs and this defendant, defendant's demurrer to the petition should have been sustained. North British and Mercantile Ins. Co. v. Gunter, 35 S. W. 715; State Mut. Life Ins. Co. v. Rosenberry, 213 S. W. 242; 2 Cooley on Insurance, 1065.

*Mike E. Smith, John O. Ragan,* and *Ratcliff & Christian,* all of Fort Worth, for defendants in error.

The necessary effect of the verdict in this case was clear and plain, so that the entry of the judgment thereon was a ministerial duty and the court had the power to enter the same at a succeeding term of court. Gulf, C. & S. F. Ry. Co. v. Canty, 285 S. W. 296; Common Sch. Dist. of Lampasas County v. Keeling, 113 Texas 523, 261 S. W. 364; 38 C. J. 554.

As the property insured was not conveyed to E. C. Smith, the transfer to him of the insurance policy was void and did not deprive plaintiff of the right to enforce the policy. Camden Fire Ins. Co. v. Bomar, 176 S. W. 156; Bealmer v. Hartford Fire Ins. Co., 193 S. W. 847; 6 Couch's Cyc. of Ins. Law, 5139; 2 Cooley's Briefs on Insurance, 1761; 26 C. J. 134.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

On April 10, 1929, British General Insurance Company, Ltd., plaintiff in error here, issued its policy of fire insurance on a residence owned by Mrs. J. A. Ripy. The policy contained a clause with loss payable to Josephine Vogel as her interest might appear. On June 3, following, Mrs. Ripy, joined by her husband, defendants in error, conveyed the property by warranty deed to E. C. Smith. The company was advised on June 6th of the conveyance and on that date Mr. Ripy procured from the company the following acceptance of notice, which was endorsed upon the policy:

"Notice accepted that title to the property insured is now vested in E. C. Smith, purchaser, to whom this policy is transferred subject to all terms and conditions of same."

Smith was sued along with the company, as was Josephine Vogel, who was alleged to be entitled to recover out of the proceeds of the policy the amount of a note for $700 which she held against the property. Smith filed a disclaimer, and plaintiffs subsequently, without causing Miss Vogel to be cited, dismissed her from the suit. The judgment directs that Smith go hence without day on his disclaimer.

The company interposed a general demurrer, and pleaded defensively on the merits that it was falsely and fraudulently represented that the property belonged to Smith; and further that the policy contained a warranty stipulating that the entire policy should be void if the assured had concealed or misrepresented any material facts or circumstances concerning the insurance, or if the interest of the insured in the property had not been truly stated therein. It pleaded also the policy provision to the effect that the policy would be void if the interest of insured in the property should be other than that of unconditional and sole ownership. Another defense pleaded was that O. F. Ripy, the husband, wilfully set fire to the house and caused it to be destroyed by fire.

By supplemental petition the Ripys alleged that the company's defense based upon its allegation of false representations as to ownership of the property was without merit on account of its failure to give notice concerning same in the manner required by Article 5044, R. C. S. 1925.

The jury found against the company on its charge that Mr. Ripy burned the property, and found the building to be a total loss as a result of the fire.

The verdict was returned by the jury and received by the trial judge at the term of the court at which the trial began (March). The court took the verdict under advisement and did not render judgment thereon at that term of the court, nor at the next, but at the second succeeding term on October 27th rendered judgment for Mrs. Ripy. The Court of Civil Appeals affirmed the judgment. 80 S. W. (2d) 424.

We are not in accord with the holding of the Court of Civil Appeals that it was not ground for setting aside the judgment of the trial court that two terms of the court had elapsed after the verdict was received before judgment was rendered thereon.

The laws and rules governing practice and procedure in district courts prior to the passage in 1923 (p. 215) of the act governing practice and procedure in civil district courts in counties having two or more such courts and whose terms continue for three months or longer, were controlling in all district courts. A part of the 1923 act was subsequently incorporated

in the 1925 revision of the statutes as Articles 2092 and 2093. The court in which this case was heard is one of the class of courts covered by the act.

Section 28 of Article 2092 reads:

"A motion for new trial filed during one term of court may be heard and acted on at the next term of court. If a case or other matter is on trial or in process of hearing when the term of court expires, such trial, hearing, or other matter may be proceeded with at the next term of the court. No motion for new trial or other motion or plea shall be considered as waived or overruled, because not acted on at the term of court at which it was filed, but may be acted on at the succeeding term or at any time which the judge may fix or to which it may have been postponed or continued by agreement of the parties with leave of the eourt. All motions and amended motions for new trials shall be presented within thirty days after the original motion or amended motion is filed and shall be determined within not exceeding forty-five days after the original or amended motion is filed, unless by written agreement of the parties filed in the case, the decision of the motion is postponed to a later date."

It will be noted that no provision is made by the foregoing section to govern the trial court as to the requisite procedure beyond the "next term of court" after that at which the trial began, when the case is on trial upon expiration of such term. By the terms of the provision of Section 28 set out in the second sentence thereof the trial may be proceeded with at the "next term" of court, but beyond that no provision is made. The act is silent as to the requisite procedure in event the case is still on trial at a subsequent term after the trial begins, other than the "next term."

The present case was on trial and had proceeded to the point that the verdict of the jury had been received, when the term at which the trial began expired. The trial judge took the case under advisement but did not render judgment at that term or at the next term. The case was consequently still on trial when the latter term expired, no judgment having been rendered. Stephenson et al. v. Nichols, (Com. App.) 286 S. W. 197.

The law with respect to proceeding with an unfinished trial when the time for the expiration of the term of court arrives, regardless of whether it is the term at which the trial began, or any subsequent term, is set out in Article 1923, R. C. S. 1925, which reads:

"*Whenever* a district court shall be in the midst of the trial of a cause when the time for the expiration of the term of said

court arrives, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial. The extension of such term shall be shown in the minutes of the court before they are signed. * * *." (Italics ours.)

The law as declared in the foregoing excerpt was in existence when the act of 1923 was passed, and was applicable as the governing procedure in the contingency stated, in all district courts. The law as thus declared as well as all laws and rules governing practice and procedure generally in district courts, was expressly continued in effect by the 1923 act to govern proceedings not provided for therein. Art. 2093.

The Legislature in providing statutory extension of the term at which the procedure began, recognized that ordinarily a trial would be completed at the term at which it began, or the next term, and further that the then existing procedural law was adequate in case of an unfinished trial at the close of any term, regardless of whether it was the next after the trial began or any subsequent term. It did not intend thereby to provide an unlimited extension, or to abrogate the procedure provided in Article 1923, supra, further than to obviate the necessity in the courts covered by the 1923 act of entering extension orders upon the minutes when trials were not completed during the terms at which they began. The legislative intention was doubtless to remove the necessity on the part of courts remaining constantly in session for frequent entry of orders of extension of terms, and to thereby facilitate the prompt disposition of causes.

■ Our view just stated as to the legislative intent with respect to the provision of Section 28 involved herein is in harmony with that expressed by this Court in its construction of the provisions of the same section relating to the time within which motions for new trial must be acted upon by the trial court. See Dallas Storage & Warehouse Co. v. Taylor, 124 Texas 315, 77 S. W. (2d) 1031, and Independent Life Insurance Company of America v. Work, 124 Texas 281, 77 S. W. (2d) 1036.

It follows from what has been stated that the rendition and entry of the judgment in the present case subsequent to the expiration of the next term after the trial began, in the absence of entry of an order extending the term, was without authority of law. As stated in Rouff v. Boyd, 16 S. W. (2d) 403, a case in which judgment was rendered at a similar time as to court terms, and also without entry of an extension order,.

"No rule of law is more firmly established in the jurisprudence of this State than that courts can only exercise their jurisdiction to hear and determine personal or property rights at the time and place fixed by the statute or rules of court authorized by the statutes. We do not think the rendition of the judgment in this case on December 18, 1928, during the third term of the court after the term at which the case was heard and submitted, was authorized by any statute or court rule. The only statute under which such authority is claimed by respondents is subdivision 28 of Article 2092, Revised Statutes 1925, fixing rules of practice for district courts in counties having two or more district courts with only civil jurisdicton, the terms of which continue three months or longer. * * * This statute only authorized the court to proceed with the trial and hearing of a case at the next term of the court when the term of court at which the trial began ends before the completion of the trial or hearing. * * *."

We approve the holding of the Galveston Court of Civil Appeals as stated by Chief Justice PLEASANTS in the foregoing excerpt of its opinion.

The trial court should have sustained the company's motion to set aside the judgment entered, on account of its invalidity, and the Court of Civil Appeals erred in not sustaining the assignment complaining of its failure to do so.

■ In view of the fact that the case is pending in the district court for trial, it is proper, in order to obviate the necessity of another appeal, to state our views as to the effect of the recited transfer of the property to Smith and the acceptance of notice thereof as endorsed on the policy.

Smith filed a disclaimer of any interest in either the subject matter of the suit or in the proceeds of the policy. He did not know a deed reciting conveyance of the property to him had been executed, and never at any time claimed any interest in the property.

The representation to the company that "title to the property insured was vested in E. C. Smith, purchaser," and that the policy was being transferred to him subject to all of its terms and conditions, was tantamount to a cancellation of the policy in so far as the Ripys were concerned. The deed in question was a general warranty deed, and was presented to the company by Ripy for its information and for acceptance of notice thereof by endorsement on the policy. The company was thereby told by the insured that Smith had purchased the property under contractual warranty of title, and that thereafter,

so far as the Ripys were concerned, Smith was the insured. The company in agreeing to substitute Smith as the insured had a right to know whose property it was insuring, in that elements of personal trust and confidence are involved. In fact the insurer may consider the person insured, that is, the moral hazard, as of prime importance in issuing policies. Franklin Fire Ins. Co. v. Shadid, (Com. App.) 68 S. W. (2d) 1030. When the company accepted at face value the substitution of Smith as the insured it no longer occupied the position of insurer for Mrs. Ripy. The company accepted the notice as a discontinuance of its contractual relation with Mrs. Ripy and she was in no position to thereafter assert a claim based on the continuance thereof.

The judgments of the trial court and Court of Civil Appeals are set aside and the appeal is dismissed.

Opinion adopted by the Supreme Court June 23, 1937.

Rehearing overruled July 21, 1937.