## GROGAN MANUFACTURING COMPANY V. H. E. LANE.

Application No. 26867.  Decided March 3, 1943.
(169 S. W., 2d Series, 141.)

*Carney & Carney* and *Tom J. Mays,* all of Atlanta, for petitioner.

*Shelburne H. Glover,* of Jefferson, for respondent.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

Grogan Manufacturing Company sued H. E. Lane to recover the merchantable timber on a certain tract of land. Roscoe Coverson intervened and alleged that he had owned the land upon which the timber was situated, and that he sold the timber to Lane and warranted the title thereto. Lane adopted Coverson's pleadings. Upon the trial Coverson recovered the land and Lane the timber, and Grogan Manufacturing Company took nothing. Grogan Manufacturing Company attempted to appeal, but made the appeal bond payable to H. E. Lane alone. The Court of Civil Appeals held that the appeal bond was insufficient to confer jurisdiction on that court, and, upon its own motion, dismissed the appeal and denied the appellant the right to amend the bond. The matter is now before us on application for writ of error.

The holding of the Court of Civil Appeals that the bond was insufficient to confer jurisdiction on that court, in the absence of a motion to dismiss the appeal, is in conflict with the holding of this Court in Hugo v. Seffel, 92 Texas 414, 49 S. W. 369. In that case Annie Seffel, joined by her husband, Hugo Seffel, sued Schmeltzer and Campbell to enjoin the sale, under execution, of a certain tract of land belonging to Annie Seffel. Judgment was for plaintiffs, and defendants appealed. The appeal bond was made payable to Annie Seffel alone. The transcript was not filed in time, and the Court of Civil Appeals affirmed the judgment on certificate. In the Supreme Court it was contended that the appeal bond was insufficient to confer jurisdiction on the Court of Civil Appeals. This Court held that Hugo Seffel would have been liable for the court costs in the event of a reversal, and was therefore a necessary party to the appeal bond. At that time Revised Statutes, Article 1840 read as follows:

· "When there is a defect of substance or form in any appeal or writ of error bond, then on motion to dismiss the same for such defect, the appellate court may allow the same to be amended by filing in such appellate court a new bond on such terms as the court may prescribe."

That Article has been brought forward and is now embodied in T. R. C. P. 430. There was no motion by appellee to dismiss the appeal in the above-cited case, and this Court there said:

"Therefore in case the appellee or defendant in error fail to make a motion to dismiss on account of a defective bond, it is clearly intended that the court should proceed to hear and determine the appeal. It follows that since the passage of the statute quoted, a defective bond is sufficient to give the Court of Civil Appeals jurisdiction over the appeal. We therefore conclude that whether the appeal bond was good or not, the Court of Civil Appeals had jurisdiction of the case and properly refused to set aside its judgment of affirmance on certificate."

The holding of the Court of Civil Appeals that the bond could not be amended is in conflict with the holding of this Court in Womack v. Carson, 123 Texas 260, 65 S. W. (2d) 485, 70 S. W. (2d) 416. In that case the appeal bond was made payable to "the officers of the court," instead of the appellee as was required by Article 2265, but this Court held that the bond could be amended.

In the case of Williams v. Wiley, 96 Texas 148, 71 S. W. 12, this Court, in construing the provisions of Article 1840, said:

"This seems to allow the curing of defects of every character in such bonds, and we can see no good reason why, under such a statute, a new bond may not supply the omission of the penalty in the first as well as any other defects. It is true the statute requires a bond in an amount, and that it has been heretofore held that the giving of a bond is essential to the jurisdiction of the appellate court; but it can no longer be held that such jurisdiction can not be made to attach by a bond defective in substantial particulars. Hugo v. Seffel, 92 Texas 414 (49 S. W. 369). If that which is filed is a bond, though a defective one, and appears to be an attempt to comply with the statute regulating writs of error, the jurisdiction necessarily attaches, because the court is empowered to entertain the case and permit the party to comply with the law."

■ We think it is now well settled that if the appellant files any sort of an instrument which under a liberal interpretation may be said to be in fact a bond, same may be amended upon timely request, even though it be defective ·in either form or substance. See in this connection 3 Tex. Jur. 344; 9 Texas Law Review 274; Appel v. Childress (Civ. App.), 116 S. W. 129.

■ Texas Rules of Civil Procedure 483 provides that in case of a conflict between the decision of the Court of Civil Appeals

and a previous opinion of the Supreme Court, the Supreme Court may, in its discretion, without the necessity of granting the writ and hearing the case, reverse and remand the same on the application for writ of error. Accordingly, the judgment of the Court of Civil Appeals is reversed, and the cause is remanded to that court for further consideration not inconsistent with our holding herein.

Opinion delivered March 3, 1943.