Norvell **COATS** et al., Appellants,

v.

**M. T. GARRETT** et al., Appellees.

No. 6841.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 13, 1955.

Gordon R. Wellborn, Rex Houston, James N. Phenix, Henderson, for appellants.

Bath & Turner, Henderson, for appellees.

DAVIS, Justice.

This is a suit by M. T. Garrett and Garrett Engineering Company, a Texas corporation, appellees, against the City of Mt. Enterprise, Rusk County, Texas, formerly a municipal corporation but now dissolved, hereinafter referred to as the City, upon a note in the principal sum of $3,843.07. Appellees allege that the note was given to appellee corporation by the City for engineering services performed under a contract between the City and appellees dated Sep-

290

tember 14, 1951. The City was incorporated in 1915 and was dissolved by election held March 6, 1954, and results declared on March 9, 1954. The note sued upon was dated March 4, 1954. The City defaulted and the suit was contested by Norvell Coats and wife, Charlie Casey and wife, C. B. Parker and wife, R. J. Watson and wife, Jewel Craycraft and wife, and E. L. Wagner and wife, appellants, residents of said dissolved City and interested persons, by plea of intervention.

The contract dated September 14, 1951, was signed by the mayor and city secretary of the City pursuant to resolution adopted on that date for that purpose. The parts of the contract involved in this case, part of appellees' exhibit No. 3, read as follows:

"  *   *   * This Agreement, by the City of Mt. Enterprise, Texas, acting herein by its Mayor, in accordance with a resolution passed authorizing the execution of this contract, hereinafter called the 'City' as party of the first part, and Garrett Engineering Company, Consulting Engineers of Houston, Harris County, Texas, acting herein by its President or Vice-President, hereinafter called the 'Engineers' as party of the second part.

"1. The City hereby employs the Engineers and the Engineers agree to perform professional services in connection with the following project:

"Waterworks System
hereinafter called the 'Project.'

"2. The Engineers shall render all of the professional engineering services necessary in the planning and construction of the project which are enumerated in the 'Texas Society of Professional Engineers' Schedule of Minimum Fees for General Engineering Services' adopted by the Texas Society of Professional Engineers. The fees shall be deemed to have been earned and shall be due and payable upon the performance of the items of

services as set forth in said Schedule. Fees for engineering services in connection with the acquisition of existing facilities shall be reduced to five per cent (5%) of the purchase price of said facilities.  *   *   *

"7. The parties hereto agree to the full performance of this contract.

"Executed In Duplicate Originals at Mt. Enterprise, Texas, this 14 day of Sept. A.D. 1951.

"Attest:                     "City of Mt. Enterprise,
J. A. Breedlove              Texas
City Secretary              By—G. N. Boles
                            Mayor

                            Garrett Engineering
(Seal)                      Company
                            By—M. T. Garrett
                            President."

It will be noted that the contract was executed on behalf of Garrett Engineering Company by M. T. Garrett as president but is not attested by the secretary and does not have the seal of the corporation.

A schedule of minimum fees for engineers is attached to and made a part of the contract but we do not copy same because it is not necessary to a disposition of this case.

Pursuant to the contract, appellees soon commenced making the necessary surveys, compiling maps, laying out the lines, etc., for a waterworks system for the City. Appellees' exhibit No. 12 consists of a page entitled "Mt. Enterprise Waterworks System" and four maps of an engineer's survey outlining the waterworks system in every detail. One of the issues in dispute in this case is whether or not the Engineering Company completed its work under phase 2 of the contract prior to February 1, 1954. The four additional pages of appellees' exhibit No. 12 are the detailed blueprints above mentioned and are dated as follows: Sheet No. 1, dated October 27, 1953; Sheet No. 2, dated November 2, 1953; Sheet No. 3, dated October 28, 1953; Sheet No. 4, dated October 29, 1953.

Appellees' exhibit No. 13 entitled "Contract and Specifications for the City of Mt. Enterprise, Texas, Waterworks System" is bound in a printed booklet, on the bottom of the front cover of which is printed, "December 1953"; and on the first page inside the front cover bears the same notation of "December 1953", and bears a seal of M. T. Garrett as a registered, professional engineer. Following this page is a purported index, but the pages of the printed booklet are not numbered so the index is of no assistance at all. Following the index is a "Notice To Bidders." This notice to bidders calls for bids at the office of the City Secretary of the City until 1:30 p. m., December 18, 1953. Elsewhere we find in the booklet, appellees' exhibit No. 13, a "Proposal" addressed to the City of Mt. Enterprise which was originally dated December 18, 1953, but that date was struck over with a typewriter and immediately underneath same is the date January 20, 1954. This proposal shows to have been made by H. D. Gillis Company who subsequently executed a contract with the City to furnish the materials and construct a waterworks system for the City. There is no notice to bidders by the City in this record calling for bids on January 20, 1954. Then follows a detailed list of every item from valves and light switches to the water tank necessary for the construction of a complete water system. Near the back of appellees' exhibit No. 13 we find a contract executed by and between the City and the H. D. Gillis Company, a partnership. This contract is dated January 25, 1954. Immediately following the contract is a performance bond by the H. D. Gillis Company which is also dated January 25, 1954; and immediately following the performance bond is a certified copy of a general power of attorney by the bonding company, surety, and the certificate of the official of the bonding company is also dated January 25, 1954.

At the time the contract for the construction of the waterworks system was entered into, or thereabout, an election had been called to dissolve the corporate status of the City. The election was to be held on March 6, 1954. This fact was well known to all the officials of the City and to the appellees. On March 4, 1954, the City Council met and adopted what they called an Ordinance approving a claim submitted to them by Garrett Engineering Company in the sum of $3,843.07. The resolution provided that the money was to be paid out of the current revenues of the City and directed the Mayor and City Secretary to execute a note to Garrett Engineering Company for that amount payable on January 31, 1955.

Appellee M. T. Garrett alleged that the note which was given on March 4, 1954, had been endorsed to him and that he was the sole owner of said note. We will note here that the record reveals that M. T. Garrett was President of the corporation of Garrett Engineering Company and the endorsement shows to be to M. T. Garrett, Sr., by the Secretary-Treasurer of the corporation. The endorsement is the only time in the record that M. T. Garrett is referred to as M. T. Garrett, Sr. The endorsement of the Secretary-Treasurer of a corporation of assets of the corporation to the President of the corporation presents a rather unique transfer of such assets. Although the endorsement is not challenged, we could not escape notice of the peculiar endorsement.

On September 14, 1951, at the time the contract was entered into with the Garrett Engineering Company the City had on deposit $38.97. It had no tax roll and collected no taxes. Its revenues from a light company serving the city and donations amounted to about $250 a year for 1951, 1952, and 1953. At the time the corporate status was dissolved, the City had on deposit about $19.46. There is testimony in the record that a tax roll had been made up for the fiscal year of the City beginning February 1, 1954, and ending January 31, 1955. There is also testimony that the Council anticipated fixing a tax rate for the fiscal year 1954, but no tax rate was ever fixed. There is testimony in the record that the City Council anticipated fixing a budget for the City for the fiscal year 1954 but no budget was ever fixed.

Appellees' position in this lawsuit is that the contract dated September 14, 1951, created no obligation against the City and that no obligation was created by virtue thereof until the work for which they sue was completed, and that such work being allegedly completed within the fiscal year of 1954 of the City and the City anticipating at that time that it would have sufficient revenues from taxation to pay the obligation, and it being the intention of the City Council to do so, the debt is a valid debt and the dissolved corporation is liable and bound to pay the same.

The intervenors as interested parties, residents of the City at the time of its dissolution, contested the suit on the ground that the obligation is void as being in violation of Secs. 5 and 7 of Article 11 of the Constitution of the State of Texas, Vernon's Ann. St., and filed special exceptions, to appellees' pleadings, setting up such defenses.

Appellants also contend that the contract dated September 14, 1951, actually created the obligation against the City, and in the alternative that the "debt" accrued against the City before the beginning of the fiscal year, February 1, 1954, without provision having been made for the payment and is therefore void.

There is nothing in the record that shows that any provision whatever was made for the payment of the services to be rendered by Garrett Engineering Company at the time of or prior to the execution of the contract dated September 14, 1951. Neither did the City at any subsequent time make or attempt to make any provision for the payment of any indebtedness that might be incurred under the contract at any time prior to March 4, 1954; two days before the date they knew an election was to be held to dissolve the corporate status of the City.

Trial of this case was to a jury, commenced on December 13, 1954, and was concluded December 14, 1954. At the conclusion of the trial, after both plaintiffs and intervenors had rested, on motion of appellants, agreed to by appellees, as well as stipulated by both plaintiffs and intervenor, the case was withdrawn from the jury and submitted to the court on December 14, 1954, for his consideration and decision.

The trial judge, who resides in Tyler, took the case under advisement on said December 14, 1954. On January 18, 1955, appellees mailed the judge a motion for leave to file a trial amendment with the trial amendment attached, in which they alleged, in the alternative, a cause of action on implied contract and quantum meruit. Appellants filed a reply to appellees' request to file such trial amendment with the Clerk of the court at Henderson on January 20, 1955, contesting the filing of such trial amendment because the case was not tried on any pleading of implied contract or quantum meruit and setting up that they had available testimony which they could have offered, and would have offered to refute any testimony offered on an implied contract or quantum meruit theory. They further set up that if there had been pleadings and evidence before the court at the time the appellees had rested their case, they would have been entitled to have such fact issues passed upon by the jury.

The case was not tried on the theory of an implied contract and quantum meruit and all testimony and evidence offered by the appellees that would have supported such theory of recovery was strenuously objected to by appellants.

On April 6, 1955, the trial judge wrote a letter to the attorneys for appellees, with carbon copies to attorneys for appellants, in which he notified said attorneys that he was going to grant the motion for leave to file the trial amendment and was going to render judgment for the appellees. He wrote a letter to the District Clerk at Henderson on April 11, 1955, and enclosed the motion and trial amendment which was filed by the Clerk on the following day. Judgment was finally signed and entered on April 27, 1955.

Appellants bring forward 16 points of error. At the very outset we are confronted with a challenge to the jurisdiction of the

court to render the judgment at the 2nd term of court after the term of court at which the case was tried and submitted to the judge had expired.

Rusk County is governed by Article 199, Sec. 4, R.C.S., Vernon's Ann.Civ.St. art. 199, sec. 4, which provides that the terms of said court shall commence on the first Monday in January, March, May, July, September and November, and remain in session until the beginning of the succeeding term. By virtue of that statute this case was tried at the November-December, 1954, term of said court which expired immediately before the beginning of the January-February term, 1955. The January-February term expired immediately before the beginning of the March-April term, 1955.

■ There is no order by the judge who tried the case extending the January-February term for the purpose of concluding this case. Under the present holdings of our courts the judge could have rendered judgment at the succeeding term of the District Court of Rusk County at which the case was tried without the necessity of extending the term by virtue of Rule 330(j), Texas Rules of Civil Procedure. Dazey v. Dazey, Tex.Civ.App., 265 S.W.2d 166.

Rule 330(j) was formerly subdivision 28 of Article 2092 of the Revised Civil Statutes, Vernon's Ann.Civ.St. art. 2092, subd. 28, with minor changes. Subdivision 28 of Article 2092 immediately prior to the adoption of the Rules of Civil Procedure by the Supreme Court read as follows:

"Motion of new trial.—A motion for new trial filed during one term of court may be heard and acted on at the next term of court. If a case or other matter is on trial or in process of hearing when the term of court expires, such trial, hearing or other matter may be proceeded with at the next term of the court. No motion for new trial or other motion or plea shall be considered as waived or over-ruled, because not acted on at the term of court at which it was filed, but may be acted on at the succeeding term or at any time which

the judge may fix or to which it may have been postponed or continued by agreement of the parties with leave of the court. All motions and amended motions for new trials shall be presented within thirty days after the original motion or amended motion is filed and shall be determined within not exceeding forty-five days after the original or amended motion is filed, unless by written agreement of the parties filed in the case, the decision of the motion is postponed to a later date."

At the time the case was tried and submitted to the court, Rule 330(j) read as follows:

"Rule (j) Motion for New Trial—A motion for new trial filed during one term of court may be heard and acted on at the next term of court. If a case or other matter is on trial or in process of hearing when the term of court expires, such trial, hearing or other matter may be proceeded with at the next term of the court. No motion for new trial or other motion or plea shall be considered as waived or overruled, because not acted on at the term of court at which it was filed, but may be acted on at the succeeding term or at any time which the judge may fix or to which it may have been postponed or continued by agreement of the parties with leave of the court. All motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

On July 20, 1954, the Supreme Court amended Rule 330, effective January 1, 1955, and Sec. (j) now reads as follows:

"(j) Acts in Succeeding Terms
"If a case or other matter is on trial, or in the process of hearing when the

term of court expires, such trial, hearing or other matter may be proceeded with at the next term of court and no motion or plea shall be considered as waived or overruled, because not acted upon at the term of court at which it was filed, but may be acted upon at any time the judge may fix or at which it may have been postponed or continued by agreement of the parties with leave of the court. This subdivision is not applicable to original or amended motions for new trial which are governed by Rule 329–b."

■■ Although we do not believe that the minor change made in the amended rule affects the issue here, we think the rule as it existed at the time of the trial would be controlling if there had been any change made relative to disposition of matters governed by the rule. We might add that there is nothing in the record to indicate that appellees appeared in court or consented to the rendition of the judgment at the term of court at which it was rendered. As a matter of fact, a careful examination of the record reveals to the contrary. We hold that the error assigned is fundamental. We do not believe that under the rule as it exists now or under the statute as it existed before the rule a trial judge can take a case, or other matter, under advisement and keep it through the balance of that term, through the succeeding term, and then render judgment in the case or act on any other matter at the second term of court after the term at which the case or other matter was tried or heard and submitted to him, without extending the next term.

In the case of British General Fire Insurance Co. v. Ripy, 130 Tex. 101, 106 S.W.2d 1047, 1048, opinion adopted by the Supreme Court, the court in striking down a judgment rendered under similar conditions as here, said:

"The verdict was returned by the jury and received by the trial judge at the term of court at which the trial began (March). The court took the verdict under advisement and did not render judgment thereon at that term of the court, nor at the next, but at the second succeeding term on October 27th rendered judgment for Mrs. Ripy. The Court of Civil Appeals affirmed the judgment. 80 S.W.2d 424.

"We are not in accord with the holding of the Court of Civil Appeals that it was not ground for setting aside the judgment of the trial court that two terms of the court had elapsed after the verdict was received before judgment was rendered thereon.

"The laws and rules governing practice and procedure in district courts prior to the passage in 1923 of the act (Acts 1923, c. 105 p. 215), governing practice and procedure in civil district courts in counties having two or more such courts and whose terms continue for three months or longer, were controlling in all district courts. A part of the 1923 act was subsequently incorporated in the 1925 revision of the statutes as articles 2092 and 2093. The court in which this case was heard is one of the class of courts covered by the act. Subdivision 28 of article 2092, as amended by Acts 1930, 5th called Sess. c. 70 § 1 (Vernon's Ann.Civ.St., art. 2092, subd. 28), reads: 'A motion for new trial filed during one term of court may be heard and acted on at the next term of court. If a case or other matter is on trial or in process of hearing when the term of court expires, such trial, hearing or other matter may be proceeded with at the next term of the court. No motion for new trial or other motion or plea shall be considered as waived or over-ruled, because not acted on at the term of court at which it was filed, but may be acted on at the succeeding term or at any time which the Judge may fix or to which it may have been postponed or continued by agreement of the parties with leave of the court. All motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-

five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date.'

"It will be noted that no provision is made by the foregoing section to govern the trial court as to the requisite procedure beyond the 'next term of court' after that at which the trial began, when the case is on trial upon expiration of such term. By the terms of the provision of subdivision 28 set out in the second sentence thereof, the trial may be proceeded with at the 'next term' of court, but beyond that no provision is made. The act is silent as to the requisite procedure in event the case is still on trial at a subsequent term after the trial begins, other than the 'next term.'

"The present case was on trial and had proceeded to the point that the verdict of the jury had been received, when the term at which the trial began expired. The trial judge took the case under advisement but did not render judgment at that term or at the next term. The case was consequently still on trial when the latter term expired, no judgment having been rendered. Stephenson v. Nichols, Tex.Com.App., 286 S.W. 197. * * *

"It follows from what has been stated that the rendition and entry of the judgment in the present case subsequent to the expiration of the next term after the trial began, *in the absence of entry of an order extending the term,* was without authority of law. As stated in Rouff v. Boyd, Tex.Civ.App., 16 S.W.2d 403, 407, a case in which judgment was rendered at a similar time as to court terms, and also without entry of an extension order: 'No rule of law is more firmly established in the jurisprudence of this state than that courts can only exercise their jurisdiction to hear and determine personal or property rights at the time and place fixed by the statute or rules of court authorized by the statutes. We do not think the rendition of the judgment in this case on December 18, 1928, during the third term of the court after the term at which the case was heard and submitted, was authorized by any statute or court rule. The only statute under which such authority is claimed by respondents is subdivision 28 of article 2092, Revised Statutes 1925, fixing rules of practice for district courts in counties having two or more district courts with only civil jurisdiction, the terms of which continue three months or longer. * * * This statute only authorizes the court to proceed with the trial and hearing of a case at the next term of the court when the term of court at which the trial began ends before the completion of the trial or hearing.'

"We approve the holding of the Galveston Court of Civil Appeals as stated by Chief Justice Pleasants in the foregoing excerpt of its opinion." (Emphasis ours.)

Appellants' supplemental point of error No. 3 is well taken and is sustained.

■ In view of the fact that this case is still pending in the district court for trial, we think it is proper to state our views on some of the matters raised on this appeal. We hold under the foregoing authority that the order of the court granting the filing of the trial amendment in this case at the second term of court after the term at which the case was tried and submitted to the court had expired is void. We would further hold that the permitting of the filing of the trial amendment under the circumstances hereinabove related would constitute an abuse of discretion and be in violation of Rule 67, because the trial court in announcing his judgment at the same time he announced his order on the motion for leave to file the trial amendment cut appellants off from doing any of the things which they might have done in opposition of such trial amendment such as

withdraw their announcement of ready for trial, file motion for continuance, plead surprise, etc.

The question of fact, as concluded by the trial court, that the engineer concluded his duties under phase 2 of the contract about February 15, 1954, has caused us much concern. Although, upon careful examination of the record, the contract and the testimony, we are convinced that appellees completed their duties under phase 2 of the contract prior to the time the bids were called for by the City for December 18, 1953. The City just could not have called for the bids had the work under phase 2 of the contract not been completed and accepted. We cannot agree with the contention of appellees that filling in the contract by M. T. Garrett, an engineer, and performing other legal services toward getting it executed and finally approved comes within any engineering services provided for in the contract.

It will now become the duty of the trial court to determine the rights of the parties under the facts and the law in the case. If the case is tried upon implied contract and quantum meruit, it will be necessary for the appellants to show the amount of work actually done, that the fees charged therefor were reasonable, that such services were necessary, that the City accepted same, and derived a benefit therefrom.

We will not discuss the rights of the parties, but under the state of the record as it is before us, if we had jurisdiction, we would sustain all of appellants' other points and would reverse and render judgment that appellees take nothing, because we think the obligation became a debt before any provision whatever for the payment of same was made; that the acts of the City Council in entering into the contract and permitting the debt to be created against the City without making provision for payment of the same were ultra vires, that the appellees knew that such acts were illegal and the debt so created was void, and that the City did not derive any benefit therefrom.

For the error hereinabove pointed out in appellants' supplemental point No. 3, the judgment of the trial court is set aside and the appeal is dismissed.