Bernice COUCH et vlr, Appellants,

v.

CITY OF RICHARDSON et al., Appellees.

No. 15376.

Court of Civil Appeals of Texas.

Dallas.

March 14, 1958.

Rehearing Denied April 25, 1958.

Further Rehearing Denied May 30, 1958.

Billings & Donovan, Dallas, for appellants.

H. Louis Nichols, W. H. Shook, Sanders, Lefkowitz & Green, Dallas, for appellees.

DIXON, Chief Justice.

On April 12, 1955 appellants Bernice Couch and husband, Sterling Couch, sued the City of Richardson, Texas, and Gertrude M. Gillespie, a feme sole, seeking a judgment declaring their rights in the use and occupancy of what they allege to be a dedicated street called Dallas Street in the City of Richardson, Texas. They sought also an injunction to restrain the defendants from obstructing the said street and from denying appellants their right to use the street.

The City of Richardson answered appellants' suit with a disclaimer stating that the City has no interest in the property described or in the controversy alleged in appellants' petition, and stating further that the City is asserting no claim of right, title or interest in such property.

Appellee Gertrude Gillespie filed an answer and cross-action (trespass to try title) pleading the two, four, five, and ten year statutes of limitation, and asserting title both by warranty deed and by ten years' adverse possession of the portion of the alleged street.

The City of Richardson also filed a disclaimer to appellee Gillespie's cross-action, again stating that it has no interest in the tract of land described in the cross-action, and is asserting no interest therein.

Appellants filed a supplemental petition in which they pled not guilty to appellee's cross-action.

On April 5, 1956 a jury returned a verdict in which special issues were answered as follows:

1. The City Commission of the City of Richardson did not during the summer of 1937 pass an ordinance closing and abandoning or attempting to close and abandon that portion of Dallas Street in controversy.

2. As to whether that portion of Dallas Street was ever used by the public before 1937 as a street, the jury answered "Yes."

3. Appellant Couch will not suffer damages which cannot be compensated for in money if the portion of the street in controversy is not opened to public use.

4. Appellee Gillespie and those through whom she holds conveyances held peaceable and adverse possession of the property, cultivating, using or enjoying same, paying taxes thereon, and claiming under a duly registered deed for a period of five years or more prior to April 12, 1955.

5. Appellee and those under whom she claims have been in peaceable and adverse possession of the property, cultivating, using or enjoying the same for a period of ten years or more before April 12, 1955.

On April 19, 1956 appellee Gillespie filed a motion for judgment on the jury findings and in the alternative for judgment non obstante veredicto. On April 30, 1956 appellants Couch filed motions for judgment non obstante veredicto and judgment on the jury verdict.

On January 14, 1957 appellee Gillespie filed a motion for interlocutory judgment against the City of Richardson, predicated on the pleadings of the parties already on file, including the disclaimer of the City; and further upon the grounds of Ordinance No. 26–A enacted by the City of Richardson on January 8, 1957, a certified copy of which ordinance was attached to the motion. This ordinance confirmed the previous abandonment by the City of a portion of Dallas Street conveyed to John M. Wright on November 22, 1937, and provided for the quitclaiming of same to John M. Wright and his successor in title, Gertrude M. Gillespie.

On April 11, 1957 the trial court signed a judgment in favor of appellee and the City of Richardson in appellants' suit, and against appellants and the City of Richardson in appellee's cross-action. The judgment contains this recitation:

"* * * the court having duly heard and considered a motion for judgment, *and such additional considerations and findings as were authorized by law having been had and made * * *"* (emphasis ours). Then the judgment provides that "plaintiffs take nothing by their suit, and that the cross-plaintiff, Gertrude M. Gillespie on the verdict of the jury, and on the disclaimer filed by the City of Richardson, do have and recover of and from the defendants, Bernice Couch and husband, Sterling Couch, and the City of Richardson, this title and possession of the premises * * *."

The City of Richardson did not file a motion for a new trial and has not appealed from the judgment against it.

Appellants Couch filed a motion for new trial, which was overruled June 6, 1957. Thereafter appellants filed an appeal bond which must be the subject of later discussion for the reason that appellee contends that the bond was filed too late to give this Court jurisdiction of the appeal.

A statement of facts was not tendered in this Court until more than five months after appellants' motion for new trial was overruled. This statement, on motion of appellee, was stricken from the official record because it was not filed in accordance with Rule 386 Texas Rules of Civil Procedure. In the absence of a statement of facts we must presume that the jury verdict and the judgment of the court are supported by the evidence. 3-B Tex. Jur. 386.

Prior to the submission of this appeal on its merits appellee presented a motion to dismiss the appeal on the grounds that we do not have jurisdiction because the appeal bond was not filed within the thirty days required by Rule 356 T.R.C.P. We overruled the motion. In connection with the appeal on the merits appellee renews her contention that we do not have jurisdiction of the appeal, and it is this renewed contention which we shall now consider.

The motion for new trial was overruled on June 6, 1957. There was an interval of time following the overruling of appellants' motion when appellants were not represented by counsel, their attorneys with the court's permission having withdrawn from the case. During this interval appellants apparently undertook to represent themselves and to perfect their appeal. On July 6, 1957, the thirtieth day after their motion was overruled, appellants presented a written appeal bond signed by themselves as principals, but not bearing the signatures of any person or persons as sureties. In the blank space reserved on the bond form for the names of sureties was written the word "Cash". At the same time this instrument was filed with the District Clerk, Mrs. Couch tendered her personal check in the amount of $1,000. The District Clerk accepted the bond signed by appellants together with the $1,000 personal check as a cash bond as provided by Rule 356 T.R.C.P., and issued to appellant Mrs. Couch his receipt No. 5079 for $1,000 cash. At a hearing before the trial court in an effort to correct the record, the trial court

expressly found that at the time Mrs. Couch presented her personal check for $1,000 to the District Clerk she had on deposit at the bank a sum more than sufficient to cover payment of the check.

In our opinion the above actions of appellants constituted the filing of a cash appeal bond. Rule 356 T.R.C.P.; Thompson v. Thompson, 149 Tex. 632, 236 S.W.2d 779, at page 790. And whatever infirmities and irregularities there may have been in the bond, if there were any, they were not fatal to our acquiring jurisdiction. The bond was subject to correction, amendment and substitution under Rules 365 and 430 T.R.C.P. Hugo v. Seffel, 92 Tex. 414, 49 S.W. 369; Conlee v. Burton, Tex.Civ.App., 188 S.W.2d 713.

■ However, two days later appellants again appeared and filed with the District Clerk an appeal bond for $1,000 signed by themselves as principals and The Travelers Indemnity Company as surety. This appeal bond was accepted by the District Clerk in lieu of and in substitution for the cash bond described above. The personal check of Mrs. Couch had not been sent to the Bank. It was still in the possession of the District Clerk. When the new bond was filed and accepted by the District Clerk, he returned Mrs. Couch's check to her, and wrote the word "Void" across his copy of the receipt for $1,000 which he had issued to her. No order of court was obtained authorizing this substitution of appeal bonds. While this procedure may have been somewhat irregular, again we hold that under Rules 365 and 430 T.R.C.P. the irregularity was not of such a nature as to make the bond void, or to deprive us of jurisdiction of the appeal. Appellee's renewed motion to dismiss the appeal is overruled.

■ Appellants have employed new counsel who have filed a brief in their behalf. In their first point on appeal appellants take the position that the judgment of the trial court is void on its face because it was signed and entered in violation of Rule 330(j), in that the court did not render a judgment based on the jury verdict until the second term after the return of the verdict.

The verdict of the jury in this case was returned April 5, 1956. Appellee's motion for judgment was filed April 30, 1956. The court rendered judgment April 11, 1957—nearly a year later. The 134th District Court, sitting in Dallas County, is authorized by statute to hold two terms of court each year, one term beginning on January first and ending on June 30th, and the second beginning on July first and ending on December 31st in each calendar year. The judgment in this case was not rendered until the second term after the return of the jury verdict. Is the judgment therefore void, as appellants contend? In support of their contention appellants rely on the holdings in British General Fire Insurance Co. v. Ripy, 130 Tex. 101, 106 S.W. 2d 1047 (opinion adopted by Supreme Court), and Coats v. Garrett, 283 S.W.2d 289, by the Texarkana Court of Civil Appeals.

■ The cases cited do indeed hold that a court is not authorized to enter a judgment at the second term after return of a jury verdict, and we would feel constrained to follow them were it not that our Supreme Court has apparently overruled the holding in the Ripy case. Williams v. Wyrick, 151 Tex. 40, 245 S.W.2d 961, 963. The Wyrick case is not in point with the facts before us for it involved the entry of a nunc pro tunc judgment after term time. But the Court makes two holdings which have a bearing on the question before us. The Court held that (1) it is the settled law in this State that rendition as well as entry of a judgment on a general verdict is a ministerial act, and judgment may be both rendered and entered on such verdict nunc pro tunc; and (2) where a general verdict is not subject to being set aside, it is res judicata of the fact issues before the jury, *and will serve as a bar to*

*a subsequent suit on the same cause of action, the same as would a judgment.*

Then the Supreme Court went on to say this: "We recognize that the opinion of the Commission of Appeals adopted by the Supreme Court in British General Insurance Company v. Ripy, 130 Tex. 101, 106 S.W.2d 1047, is not in harmony in all respects with what is written above. That opinion makes no mention of any of the authorities upon which we rely. It appears that they were not called to the attention of the court, and we cannot think that the court intended to overrule them. A strong indication that the court did not so intend is afforded by its action in refusing the application for a writ of error in the Longhorn Drilling Corporation case, supra, [Wright v. Longhorn Drilling Corp., Tex.Civ.App., 202 S.W.2d 285], a relatively recent case." Because of the holdings of our Supreme Court in Williams v. Wyrick, supra, we overrule appellants' first point on appeal.

■ In their second and third points on appeal appellants say that (1) the court erred in submitting issues of adverse possession and limitations, and in divesting the City of Richardson of its rights in Dallas Street by adjudging a limitations title thereto in appellee, Gillespie, because said judgment was in contravention of Art. 5517 Vernon's Ann.Civ.St.; and (2) it was error to divest the City of Richardson of its rights to Dallas Street upon the basis of the City's disclaimer because said judgment was in contravention of Art. 1019 V.A.C.S.

Art. 5517 provides that the rights of cities to their streets shall not be barred by limitations, nor shall any person acquire title to any portion of a city street by adverse possession. Art. 1019 provides that no street shall be closed until the question of its closing shall be submitted to a vote of its citizens. Appellee contends that Arts. 1018 and 1019 should be interpreted together and are applicable only to streets closed for use by a railroad or other corporation having power of eminent domain.

See Session Laws of 1913, page 326. However we shall not pass on the question, for we consider that it is unnecessary to do so in order for us to make a proper disposition of this appeal.

It will be observed that in both their second and third points, appellants are attempting to assert alleged rights in behalf of the City of Richardson. The City has disclaimed any such rights, and has not appealed from the judgment against it. Under the circumstances we do not believe that appellants are entitled to complain of the judgment against the City.

■ In support of such conclusion we point out that in answer to special issue No. 3 the jury found that appellants will not suffer damage which cannot be compensated for in money if the portion of Dallas Street in controversy is not opened to public use. Appellants do not complain of this finding. It is binding on them. Therefore appellants are not entitled to the injunctive relief for which they prayed. Galveston, H. & S. A. Ry. Co. v. De Groff, 102 Tex. 433, 118 S.W. 134, 21 L.R.A.,N.S., 749; Broussard v. L. Cartwright Realty Co., Tex.Civ.App., 179 S.W.2d 777; Powers v. Temple Trust Co., 124 Tex. 440, 78 S.W.2d 951·; New Amsterdam Casualty Co. v. Harrington, Tex.Civ.App., 297 S.W. 307; 43 C.J.S. Injunctions § 25, p. 455. An injunction to restrain appellee and the city from denying appellants the use of the alleged street is the only affirmative relief asked by appellants. They expressly state that they claim no title to the property.

■ Furthermore appellants' second and third points assume that the alleged street had not been abandoned prior to 1937. In the absence of a statement of facts we cannot assume that there is no evidence of such an abandonment. On the contrary, we must assume that there is evidence to support the court's judgment. The rule is especially applicable in this case for the court in its judgment expressly recites that " * * * such additional consid-

erations and findings as were authorized by law having been had and made * * * ", judgment should be rendered for appellee. At the time the court rendered judgment there was on file appellee's motion for an interlocutory judgment against the City, and attached to the motion was a certified copy of a city ordinance recognizing a prior abandonment of the alleged street. Such confirmation of an earlier abandonment is in no way inconsistent with the jury's finding that the City did not during the summer of 1937 pass an ordinance closing that portion of the street in controversy.

It is true that the jury in special issue No. 2 was asked to find whether the property was *ever* used by the public prior to 1937, and the jury answered "Yes". But the jury did not find definitely *when* the property was so used. Appellants allege in their petition that the property was first dedicated as a street in 1873 and then rededicated in 1878. Thus a period of 59 years intervened between the dedication and the year 1937. During that stretch of years there may have been a use by the public, followed by a statutory abandonment of the street, or a common-law abandonment of it by the public. We must accept the jury's verdict that sometime prior to 1937 the property was used by the public, but there is no basis in the record for us to reverse the trial court's judgment on the assumption that an abandonment of the street did not take place after such use by the public. Appellants' second and third points are overruled.

We think the trial court properly overruled appellants' motion for judgment on the verdict non obstante veredicto. The fourth point on appeal is overruled.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

■ In their motion for rehearing appellants ask that we reconsider our action in striking the statement of facts from the record in this case. They point out that on August 5, 1957 they filed their motion for an extension of time to file the statement of facts. The motion was filed on the sixtieth day after the trial court had overruled appellants' motion for new trial. A hearing on the motion for an extension of time was had on October 17, 1957, and on November 1, 1957 we granted a thirty-day extension. Appellants say, and we agree with them, that they are not to be blamed because we did not sooner act on their motion for an extension.

However it was not for that reason that we later, on motion filed by appellees, reconsidered our order and decided that appellants had not complied with Rule 386 T.R.C.P., consequently the statement should be stricken.

Appellants in an attempt to show that they could not have filed the statement within the sixty-day period, attached a letter dated August 2, 1957, from Mr. Ben Allred, Court Reporter, as follows:

"Replying to your inquiry you are advised that I have just returned from my vacation this week (was gone almost a month), and that it will not be possible to get out the statement of facts by Monday Aug. 5th which you say is your last day for filing.

"This statement of facts will run several hundred pages—testimony and 31 exhibits, and it would take me at least 2 weeks to get it out under pressure. If you could get an extension of time I would be glad to prepare the statement of facts, and would like if possible 30 days which would give me ample time to do it and carry on my court work without having to work too much overtime."

A study of this letter reveals that appellants had merely made an inquiry of the Court Reporter. They had not requested or ordered a statement of facts from Mr. Allred. In a document filed September 24, 1957 appellees allege that upon inquiry

made of Mr. Allred on September 23, 1957 they learned that even at that late date he had not yet been asked to proceed with the preparation of a statement of facts. This allegation was borne out by the present attorney for appellants (He had not tried the case and had not been brought into the case until sometime after the trial.), who at the hearing held October 17, 1957, admitted in response to a question,. that a statement of facts had not even then been ordered.

Following our order of November 1, 1957 a statement of facts was finally ordered by appellants, and was filed November 25, 1957, more than five months after the motion for new trial had been overruled by the trial court.

Meantime appellees on November 14, 1957 had filed a motion for rehearing, directed at our order of November 1, 1957. After carefully reconsidering the matter we sustained the motion for rehearing and ordered the statement of facts to be stricken from the record.

The reason for our striking the statement was that we were compelled to conclude that appellants could have filed the statement of facts within the sixty days provided by Rule 386 had they acted with diligence. The record shows that they did not even order a statement of facts until sometime after October 17, 1957—more than four months after their motion for new trial had been overruled. No reason is shown why the Court Reporter could not have prepared the statement during the month before he went on his vacation. Further, he himself says that he could have had it ready within thirty days after his return from his vacation on August 5, 1957, or under pressure could have had the statement ready within two weeks thereafter. Yet he received no order for the statement until more than two months later.

It gives us no pleasure to strike a statement of facts from a record. We would much prefer that in every appeal we have a full record before us. But where, as in this case, a lack of diligence on the part of appellants accounts for the failure to comply with Rule 386, we are given no choice. As our Supreme Court has said in construing Rule 386 T.R.C.P., "Obviously, that restriction left the Court of Civil Appeals with but little discretion in determining whether or not to permit the late filing of a transcript." Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587, at. page 590. Rule 386 is equally applicable to a statement of facts.

Appellants' motion for rehearing is overruled.