**Mrs. J. A. STUBBLEFIELD, Appellant,**

v.

**The STATE of Texas et al., Appellees.**

**No. 315.**

Court of Civil Appeals of Texas.

Tyler.

June 29, 1967.

Adams, Granberry & Hines, Chester Hines, Crockett, for appellant.

Nat Patton, Jr., County Atty. of Houston County, Crockett, for appellees.

PER CURIAM.

Appellant timely filed the transcript in this Court on May 22, 1967.

On June 15, 1967, appellee, County of Houston, filed Motion No. 699 to strike appellant's appeal bond and dismiss appeal.

On June 20, 1967, appellant filed Motion No. 703 for permission to amend appeal bond.

 The motion to strike the bond is based upon the fact that the sureties thereon are also the attorneys for appellant. Rule 142, Texas Rules of Civil Procedure, provides in part: "No attorney or other officer of the court shall be surety in any cause pending in the court, except under special leave of court." The attorneys were not given special leave of the Court to become such sureties upon this bond, and therefore the bond is defective. Even though the bond is defective, it does not require a dismissal of the appeal since any defect "of substance or form," upon timely request, can be cured by amendment. Rule 430, T.R.C.P.; Grogan Mfg. Co. v. Lane, 140 Tex. 507, 169 S.W.2d 141 (1943);

United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada v. Borden, 160 Tex. 203, 328 S.W.2d 739, 741 (1959). Appellant will be given ten days to file with the Clerk of this Court a bond in the sum of $300.00 as a cost bond, with two good and sufficient sureties to be approved by the Clerk of this Court. If such bond is not filed within ten days, then this appeal will be in all things dismissed.

Appellee's motion to strike the appeal bond is overruled, provided a proper bond is tendered here within ten days; otherwise, the bond will be stricken and the appeal dismissed.