Ralph B. SMITH, Appellant,

v.

Joseph D. VALDEZ and Laura Villalobos, Appellees.

No. 04–87–00409–CV.

Court of Appeals of Texas, San Antonio.

Sept. 16, 1987.

Ralph B. Smith, pro se.

Joseph D. Valdez, San Antonio, for appellees.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## ON APPELLEES' MOTION TO DISMISS APPEAL FOR LACK OF BOND

PER CURIAM.

Appellees have moved to dismiss this appeal for lack of a proper appeal bond and for lack of notice of the filing of the appeal bond. The motion will be conditionally granted.

Appellees make the following three complaints: the bond states that costs have been adjudged against appellees when they have actually been adjudged against appellant, the sureties are insufficient, and appellant failed to give notice of the filing of the bond to appellees.

■ The bond filed by appellant erroneously states that costs have been adjudged against appellees when the trial court's judgment actually adjudged them against appellant. This is merely a clerical error that will not render the bond ineffective. Clerical errors do not deprive the appellate court of jurisdiction. *Monk v. Danna,* 110 S.W.2d 84, 87 (Tex.Civ.App.—Dallas 1937, dism'd). Furthermore, the operative language of the bond tracks the language of TEX.R.APP.P. 46(a) by stating that appellant "shall pay all costs which have accrued in the trial court. . . ." This complaint is overruled.

■ Appellees next complain that the sureties on the bond are insufficient. They complain that the sureties have not filed affidavits of net worth to support their abilities to satisfy the bonds. Appellees have not asserted or offered proof that the sureties are financially unable to discharge their obligations under the bonds. Additionally, we are not aware of any requirement that affidavits of net worth are required for sureties. For these reasons appellees' arguments must be overruled. Appellees further contend, however, that one of the sureties on the bond, William T. Reece, Jr., is an attorney who has not obtained leave of court to be surety on the bond. TEX.R.CIV.P. 142 states that "no attorney or other officer of the court shall be surety" without leave of court. Because there is nothing in the record to show that Mr. Reece obtained such leave, the bond is defective. *Stubblefield v. State,* 417 S.W.2d 191, 192 (Tex.Civ.App.—Tyler 1967, no writ). Even though the bond is defective, it does not require dismissal of the appeal. *Id.* On motion to dismiss the appeal due to a defective bond, we may allow the filing of a new bond on such terms as we may prescribe. TEX.R. APP.P. 46(f); *United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada v. Borden,* 160 Tex. 203, 328 S.W.2d 739, 741 (1959).

■ Finally, appellees complain that the bond was filed without the notice required by TEX.R.APP.P. 46(d). That rule provides that failure to give notice shall be a

ground for dismissal of the appeal "if appellee is prejudiced by such failure." Appellees have failed to show prejudice in their motion to dismiss. This complaint is overruled.

Appellees' motion is conditionally granted. Appellant shall have twenty days from the date of this opinion to file a new bond with sufficient sureties to be approved by the clerk of the trial court. A certified copy of the new bond shall be filed with the clerk of this Court. Otherwise, the appeal will be dismissed. TEX.R.APP.P. 49(a).