**Martha GARCIA, Individually and on Behalf of the Estate of Juan L. Tijerina, Jr., Appellant,**

v.

**CAREMARK, INC. and Baxter Healthcare Corp., Miles Inc., and Alpha Therapeutics Corporation, Appellees.**

No. 13–95–128–CV.

Court of Appeals of Texas, Corpus Christi.

April 4, 1996.

Rehearing Overruled May 16, 1996.

---

James B. Ragan, Corpus Christi, for Appellant.

Ferriel C. Hamby, Jr., Adams & Graham, Harlingen, David Bell, Daphne B. Subar, Knapp, Petersen & Clarke, Glendale, CA, Roger W. Hughes, Adams & Graham, Harlingen, Ricardo A. Garcia, McAllen, Lisa D. Powell, Stephen C. Haynes, William M. Mills, Atlas & Hall, McAllen, Terry O. Tottenham, Fulbright & Jaworski, Austin, Brynley James, III, W. Wendell Hall, Renee A. Forinash, Fulbright & Jaworski, San Antonio, for Appellees.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and RODRIGUEZ, JJ.

## OPINION ON MOTION FOR REHEARING

DORSEY, Justice.

Our opinion of February 29th, 1996 is withdrawn and the following substituted in its place. Martha Garcia, individually and on behalf of the estate of Juan Tijerina, Jr., appeals from a take-nothing summary judgment granted in favor of Caremark, Inc., and numerous other appellees,[1] on the ground that the statute of limitations barred Garcia's survival claims asserted on behalf of her deceased minor son. Garcia raises two points of error complaining that the limitations period had not expired at the time she filed the present lawsuit. We affirm in part and reverse and remand in part.

Garcia's minor son, Juan L. Tijerina, Jr., died intestate on November 1, 1989, from the AIDS virus, which Garcia asserts was negligently transmitted through blood products supplied by Caremark. On October 28, 1992, more than two years after her son's death, Garcia filed the present lawsuit asserting wrongful death and survival claims based on products liability in connection with the production and marketing of the blood products that killed her son.

Caremark answered and moved for summary judgment on the ground that Garcia's claims were barred by the two-year limitations period for wrongful death and survival claims. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(b) (Vernon 1986). Garcia concedes that her wrongful death claim is barred by the two-year limitations period, but asserts that the time for filing the survival claim asserted on behalf of her son's estate was tolled for one year following his death. The trial court granted summary judgment against Garcia on all claims.

■ As an initial issue, appellee Alpha Therapeutics Corp. claims that this court lacks jurisdiction to hear this case because appellant failed to timely file an adequate appeal bond. Appellee notes that the first appeal bond filed by appellant was a copy, rather than an original. Some time later, appellant filed a second bond, which was an original. Appellee claims that the second bond was filed out of time, and therefore did not perfect the appeal. We disagree.

The Texas Supreme Court has determined that courts of appeals have jurisdiction over "any appeal where the appellant files an instrument that 'was filed in a bona fide attempt to invoke appellate court jurisdiction.'" *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991) (per curiam) (quoting *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex.1989)). In this case, although the second bond was filed after the time for perfection of the appeal had passed, we hold that the first bond filed was a bona fide attempt to invoke the jurisdiction of this court, and therefore that the second bond adequately corrected any alleged defect in the first bond.

■ Appellee also argues that the appeal bond was defective because it lacked an affidavit of solvency for the surety. Appellee claims that the lack of such affidavit made the bond defective under Rule 46(a) of the Texas Rules of Appellate Procedure. Rule 46(a) states, in relevant part:

---

1. Caremark, Inc., Cutter Biological, Inc., A Division of Miles, Inc., Miles Laboratories, Inc., Miles Pharmaceutical Biological Products, Baxter Healthcare Corp., Travenol Laboratories, Inc., and Alpha Therapeutics Corp.

Unless excused by law, the appellant shall execute a bond payable to the appellee in the sum of $1000.... The bond on appeal shall have sufficient surety and shall be conditioned that appellant shall prosecute his appeal or writ of error with effect and shall pay all costs which have accrued in the trial court and the cost of the statement of facts and transcript. Each surety shall give his post office address.

Tex.R.App.P. 46(a). Nothing in Rule 46(a) requires that appellant file an affidavit of solvency with the appeal bond. *See Smith v. Valdez,* 737 S.W.2d 141, 142 (Tex.App.—San Antonio 1987, no writ). The only requirement in the rule is that "[t]he bond on appeal shall have sufficient surety...." In any case, appellant did file an affidavit of solvency with the second appeal bond. We hold that under these circumstances, appellant successfully invoked this court's jurisdiction. Appellee's cross-point on appeal is overruled.

■ By two points of error, Garcia complains that the two-year statute of limitations on her survival cause of action was tolled by the provisions of section 16.062 of the Texas Civil Practice and Remedies Code:

(a) The death of a person against whom or in whose favor there may be a cause of action suspends the running of an applicable statute of limitations for 12 months after the death.

(b) If an executor or administrator of a decedent's estate qualifies before the expiration of the period provided by this section, the statute of limitations begins to run at the time of the qualification.

Tex.Civ.Prac. & Rem.Code Ann. § 16.062 (Vernon 1986). Resolution of the present summary judgment and appeal depend upon whether a personal representative of Garcia's son's estate "qualified" within a year after his death and thus commenced the running of limitations against the survival claim.

The Texas Probate Code provides the procedure for the application and appointment of personal representatives. *See* Tex.Prob. Code Ann. §§ 72 *et seq.,* 178 *et seq.* (Vernon 1980). Specifically, section 181 provides authority for the probate court to order the issuance of letters of administration appointing a personal representative after that person has qualified according to law. Tex. Prob.Code Ann. § 181(e) (Vernon 1980). The Probate Code provides for the qualification of a personal representative as follows:

A personal representative shall be deemed to have duly qualified when he shall have taken and filed his oath and made the required bond, had the same approved by the judge, and filed it with the clerk. In case of an executor who is not required to make bond, he shall be deemed to have duly qualified when he shall have taken and filed his oath required by law.

Tex.Prob.Code Ann. § 189 (Vernon Supp. 1996).

In the present case, it is undisputed that neither Garcia, nor anyone else, formally applied for letters of administration or "qualified" as personal representative of her son's estate during the period in question under the terms of the Probate Code.

However, Caremark asserts that Garcia informally qualified and became the de facto administrator of her son's estate by the actions that she took and the authority she assumed over his possessions after his death. Caremark points to the fact that, within a short time after her son's death, Garcia collected and stored his toys, distributed his clothes to family members, collected $2000.00 as beneficiary of his insurance policy which she used along with donations to pay for his funeral and final medical bills, and began seeking representation in regard to the current claim.

Caremark points to *Scofield v. Douglass,* 30 S.W. 817, 820 (Tex.Civ.App.1895, no writ) (on rehearing), as authority for the recognition that such a de facto administration will cause the statute of limitations to begin running again. However, *Scofield* was decided on the distinction between an action against the estate, which is subject to the tolling provisions, and an action regarding the lands of the decedent which according to law pass immediately to the beneficiaries. Moreover, we have found no subsequent cases that have otherwise recognized this form of de facto qualification as a means of defeating the statute of limitations extension provided by section 16.062.

Formal qualification provides a definite date upon which limitations begins to run again after death and avoids the problem of having to find some nebulous and uncertain point at which it could be said that a de facto administration begins. We do not believe that this one-year respite from the running of limitations provides the potential plaintiff with such an opportunity for abuse as to justify straying from the plain meaning of the language used in the statute. Accordingly, we hold that the "qualification" contemplated by section 16.062 requires formal compliance with those provisions of the Probate Code specifying the manner of applying for, and qualifying as, personal representative of a decedent's estate.

In the present case, Garcia proved her entitlement to the extension and has properly defeated the limitations defense asserted by Caremark. We sustain Garcia's points of error.

Finally, we note that Caremark has independently challenged Garcia's standing to bring the present survival cause of action absent formal qualification as a personal representative of her son's estate.

Under the Texas Survival Statute, a personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person. TEX.CIV.PRAC. & REM.CODE ANN. § 71.021(b) (Vernon 1986). However, for an heir to have standing to bring a survival action within the period allowed for administration of an estate, the heir must generally plead and prove that no administration of the decedent's estate is pending and that none is necessary. *Frazier v. Wynn,* 472 S.W.2d 750, 752 (Tex.1971); *City of San Antonio v. Rodriguez,* 856 S.W.2d 552, 564 (Tex.App.—San Antonio 1993, writ denied); *Johnson v. Holly Farms of Texas, Inc.,* 731 S.W.2d 641, 647 (Tex. App.—Amarillo 1987, no writ).

Standing is a jurisdictional question and can be raised for the first time on appeal. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 443 (Tex.1993); *Rodriguez,* 856 S.W.2d at 563. However, when standing is reviewed for the first time on appeal, the appellate court "must construe the petition in favor of the party, and if necessary, review the entire record to determine if any evidence supports standing." *Texas Ass'n of Bus.,* 852 S.W.2d at 446; *Rodriguez,* 856 S.W.2d at 564.

In the present case, Garcia sued as parent on behalf of her son's estate for survival claims, though she did not in her petition allege that no administration was pending or necessary. When an heir's standing is challenged for the first time on appeal, we construe the petition liberally in support of standing. Accordingly, when an heir sues in a representative capacity on behalf of the estate, the evidence shows that no administration is pending and there is no indication that administration is necessary, we assume on appeal that the heir had standing to assert the survival claims on behalf of the estate. *See Rodriguez,* 856 S.W.2d at 564. We assume in the present case that Garcia has standing, although Caremark is free to further substantiate its challenge to Garcia's standing in the trial court upon remand.

The trial court's summary judgment against Garcia on her wrongful death claim is AFFIRMED. The trial court's summary judgment on Garcia's survival claim is REVERSED AND REMANDED for trial.